DORMER v. THE STATE.

An indictment for keeping a gaming house is not bad for charging that the defendant kept *and suffered his house to be used for gaming*, &c.; otherwise, if the allegation is used in the disjunctive.

Such indictment need not state the names of the persons who played in the house; and, if stated, it is not necessary to prove every name alleged.

*Wednesday,*
*November 27.*

ERROR to the *Randolph* Circuit Court.

PERKINS, J.—Indictment for keeping a gaming house. The indictment charged, in the same count, that the defendant kept, and suffered his house to be used, for gaming, &c. It is insisted that this rendered the indictment bad, on the ground that it charged two offences. We think but one offence was charged. *State* v. *Slocum*, 8 Blackf. 315, and cases cited.—2 Russ. on Cr. 708. Had the allegation been in the disjunctive, that the defendant kept, or suffered, &c., it would probably have been bad for uncertainty. Arch. Cr. Pl. 43.

The indictment contained the names of certain persons who, it averred, had played in the house, and also further averred that others, whose names were unknown to the grand jurors, had likewise played therein; and the defendant insisted, on the trial, that the state was bound to prove that all the persons named had played, and also others, to the grand jurors unknown by name. The Court instructed the jury that if the evidence satisfied them beyond a reasonable doubt that the house was kept for gaming, and that some of the persons named in the indictment had played in it, during the time, &c., it would be sufficient to authorize a conviction.

It was not necessary for the indictment to allege the name of any person who had played. *The State* v. *McCormack*, at the present term of this Court (1). Nor, probably, was it necessary to prove the name of any one alleged on the trial. If the averment of them was mere surplusage, it was not necessary that the averment should be proved. 2 Russ. on Cr. 705. At all events, we think it was not necessary to prove every name alleged.

The defendant was convicted below, and we discover no error that can reverse the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Kilgore*, for the plaintiff.

*D. Wallace*, for the state.

(1) See *ante*, p. 305.