Nov. Term,
1858.

SOWLE
v.
THE STATE.

---

SOWLE *v.* THE STATE.

By section 29, 2 R. S. p. 436, if any person shall keep his building, &c., for gambling, he shall be fined, &c.; or if any person shall suffer his building to be used for gambling, he shall be fined, &c.

*Held,* 1. That under the first branch of the section there need be no averment in the information that gambling has actually taken place.

2. That an information predicated upon the second branch of the section must aver that gambling was suffered, and state the names of the persons suffered to gamble, or show a valid reason for not giving them.

*Wednesday,*
*January 12,*
1859.

APPEAL from the *Steuben* Court of Common Pleas.

WORDEN, J.—This was a prosecution by information against the appellant, for suffering his building, known as his "grocery," to be used for gaming. Trial, conviction, and judgment over a motion in arrest.

The objection to the information is, that it does not set forth the names of the persons who were suffered to gamble in the grocery, nor aver their names to be unknown, nor show any other excuse for not setting them forth.

It is settled that an information must. contain all the substantial requisites of an indictment at common law. *Mount* v. *The State,* 7 Ind. R. 654.

Such defect as is complained of was held to be fatal in

an indictment for suffering gambling in a grocery, in the case of *Ball* v. *The State*, 7 Blackf. 242.

The information is predicated upon the 29th section of the act defining and punishing misdemeanors (2 R. S. p. 436), which is as follows:

"If any person shall keep, or suffer his or her building, arbor, booth, shed, or tenement, to be used for gambling; or if any person, being the owner of any building, arbor, booth, shed, or tenement, shall rent the same to be used for gaming, he shall be fined not less than fifty, nor more than five hundred dollars," &c.

The first branch of the above section contemplates two offenses—first, the keeping of a building, &c., for gambling; and second, suffering gambling in his building, &c.

It may be properly paraphrased thus: If any person shall keep his or her building, &c., for gambling, he shall be fined, &c., or if any person shall suffer his or her building, &c., to be used for gambling, he shall be fined, &c.

Under the first branch of the section, for keeping a building, &c., for gambling, there need be no averment that gambling had actually taken place. *The State* v. *Miller*, 5 Blackf. 502. The Court, in that case, say: "The offense created by the statute is, the keeping or renting a room, &c., with the intention and purpose that gambling shall be carried on in it. The intention is a matter of proof; and if that can be established, it is immaterial whether the prohibited establishment shall find customers or not." In such case, it being unnecessary to allege that any gambling was done in the building, it is of course not necessary to set forth the names of any persons who were permitted to gamble. This accords with *McAlpin* v. *The State*, 3 Ind. R. 567, and *Dormer* v. *The State*, 2 *id.* 308, both of which were indictments for *keeping* a gaming house. In the latter case, a question was made as to duplicity—the indictment charging that the defendant *kept*, and suffered his house to be used, for gaming, &c. The Court held that the indictment was not double, which was undoubtedly a correct ruling, for the obvious reason that, if the defendant kept his house for gambling, it could

Nov. Term,
1858.

neither add to, nor diminish from the offense, that he suffered it to be used for the purpose for which it was kept. The latter was merged in the former.

But the case is entirely different where the offense charged is suffering gambling in a building (not averred to be kept for that purpose), as in this case. In such case, it being necessary to aver that gambling was suffered, it follows, from general principles of criminal pleading, that the names of the persons suffered to gamble should be stated, or a valid reason given for not stating them. The case falls clearly within *Ball* v. *The State, supra*, by which we must be governed.

We are of opinion that the motion in arrest should have prevailed.

*Per Curiam.*—The judgment is reversed. Cause remanded for further proceedings not inconsistent with this opinion.

*A. Ellison*, for the appellant.