CRAWFORD v. THE STATE.

CRIMINAL LAW.—*Keeping Gaming House.—Indictment.—Duplicity.*—An indictment charged, that at, &c., the defendant "unlawfully kept *and suffered* a certain building, room, and tenement to be used for gaming, and then and there unlawfully suffered" A. B., C. D., "and divers other persons to the grand jurors unknown, to play at a certain game commonly called billiards, for money and other articles of value."
*Held,* that the indictment was not bad for duplicity.

SAME.—*Evidence.*—On the trial of such an indictment for keeping a gaming house, the evidence showed that the defendant kept a billiard-room, in which players were charged a certain sum per game for the use of the tables, the loser paying such sum; and a witness testified that he had played a game and lost it, and paid the defendant for the table; that he had seen the defendant in the saloon frequently, and had seen his clerk there; that he saw games played, and that the loser always paid for the table. He could not swear positively that the defendant always knew the terms on which the games were played, but thought he had a good opportunity to know that the loser paid for the table.
*Held,* that this evidence sufficiently showed that the defendant had knowledge that his tables were used for gaming.

APPEAL from the Grant Circuit Court.

GREGORY, C. J.—Indictment against the appellant, charging, that at, &c., he "unlawfully kept *and suffered* a certain building, room, and tenement, to be used for gaming, and then and there unlawfully suffered Michael Beck, James A. Stretch, and divers other persons, to the grand jurors unknown, to play at a certain game commonly called billiards, for money and other articles of value."

The court below overruled a motion to quash; and this is the first alleged error complained of.

It is claimed that the indictment is bad for duplicity.

This question has been settled in this court against the appellant. *Dormer* v. *The State*, 2 Ind. 308; *The State* v. *Slocum*, 8 Blackf. 315.

Plea not guilty; trial by the court; finding guilty; motion for a new trial overruled. It is claimed that the evidence does not sustain the finding.

The testimony tended to prove that the defendant kept

a billiard-room, in which players were charged twenty-five cents a game, for the use of the tables, the loser paying the sum thus charged.

One witness testified as follows: "I played one game and lost it, and paid for the table to Mr. Crawford, the defendant. Have seen the defendant in the saloon frequently, and have seen his clerk there. Saw games played, and the loser always paid the bill for the table. I could not swear positively that the defendant always knew the terms upon which the games were played, but think he had a good opportunity to know that the loser paid for the table."

It is not questioned that this was gaming, but it is urged that there was no evidence that the plaintiff had knowledge of it. We think otherwise. No other question is suggested.

Judgment is affirmed, with costs.

*A. Steele* and *R. T. St. John*, for appellant.

*D. E. Williamson*, Attorney General, for the State.