## THE STATE *v.* HUTZELL.

CRIMINAL LAW.—*Indictment.—Duplicity.—Sale of Intoxicating Liquor on Sunday.*—In an indictment for selling, on Sunday, December 6th, 1874, one gill of intoxicating liquor, to be drank on the premises where sold, an averment that the defendant had not a license or permit authorizing him so to do did not render the indictment objectionable for duplicity, but such averment was merely surplusage.

From the Allen Criminal Circuit Court.

*C. A. Buskirk,* Attorney General, and *S. M. Hench,* Prosecuting Attorney, for the State.

BIDDLE, J.—The indictment in this case charges, " that, at the county of Allen, in the State of Indiana, on Sunday, the 6th day of December, 1874, one Daniel Hutzell, then and there being, did unlawfully sell one gill of intoxicating liquor to Henry Fry, to be drank on the premises where sold, for which he, the said Daniel Hutzell, received the sum of ten cents, and he, the said Daniel Hutzell, not having then and there a license nor permit authorizing him so to do ; contrary," etc.

On motion, the indictment was quashed. The State appealed. The appellee' has not filed any brief, and we are at a loss to know what could be said in his behalf. We are

informed, however, by the appellant's brief, that the indictment was quashed for duplicity. If so, we think the court erred. Duplicity in an indictment consists in charging two or more offences in one count. There is but one offence charged in this indictment—one sale, a sale which a permit will not protect; it was therefore useless to aver that the appellee had no permit, and the averment may be held as surplusage. It is, indeed, not only surplusage, but extremely empty, for it avers that he had not that which everybody must know by the law he could not get, namely, a permit to sell intoxicating liquor on Sunday.

The judgment is reversed, with costs, cause remanded, with instructions to overrule the motion to quash the indictment, and for further proceedings.