No. 9497.

## THE STATE v. PANCAKE.

CRIMINAL LAW.—*Gaming.*—*Pleading.*—*Indictment.*—An indictment, averring that the defendant did "keep his said room and tenement to be used for gaming," sufficiently charges the offence of keeping a house for gambling, under the first branch of section 29 of the act concerning misdemeanors, 2 R. S. 1876, p. 469; and such indictment is not rendered bad by averring the kind of games played and stating the names of the persons by whom such games were played.

From the Bartholomew Circuit Court.

*D. P. Baldwin*, Attorney General, *W. C. Duncan*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

ELLIOTT, J.—The State appeals from a judgment entered upon a ruling sustaining a motion to quash an indictment preferred against the appellee by the grand jury of Bartholomew county. The charge against the appellee is thus stated in the indictment: "That the said Frank Pancake, late of said county, on the 20th day of October, 1880, and

on divers other days between that day and the day of mak-
ing this presentment, he, the said Frank Pancake, being the
tenant and manager of a certain room and tenement in the
city of Columbus, Indiana, in said county and State, did
then and there unlawfully keep his said room and tenement
to be used for gaming, by then and there suffering and per-
mitting one Rudolph Siebert, one Albert Stebbins, one Jerry
Williams, one Daniel McCarger and divers other persons,
whose names are unknown to the grand jury, to play at cer-
tain games of cards called poker, for money and other articles
of value.''

The indictment is based upon the 29th section of the mis-
demeanor statute, which contains the following provision:
"If any person shall keep, or suffer his or her building,
arbor, booth, shed, or tenement, to be used for gaming, *
* * he shall be fined," etc. This section received a con-
struction by this court in *Sowle* v. *The State*, 11 Ind. 492,
where it was said, WORDEN, J., speaking for the court: "The
first branch of the above section contemplates two offences—
first, the keeping of a building, etc., for gambling; and, sec-
ond, suffering gambling in his building, etc." The indictment
under consideration in the case in hand charges the offence
defined in the first branch of the section under mention, that
of keeping a house for gambling. We think the offence is
well and sufficiently charged. It is alleged that the appellee
did, from the 20th day of October, 1880, and on divers other
days between that day and the day of making the present-
ment, keep his said room and tenement to be used for gam-
ing. This was a distinct and substantive charge, and was
sufficient without aid from the averments which followed it.

It is not necessary to aver in an indictment for keeping a
house for gambling, that any gambling had actually taken
place. In *Sowle* v. *The State*, *supra*, it was said: "Under
the first branch of the section, for keeping a building, etc.,
for gambling, there need be no averment that gambling had

actually taken place." This doctrine is well sustained by the adjudged cases. *The State* v. *Miller*, 5 Blackf.502 ; *The State* v. *Staker*, 3 Ind. 570 ; *Dormer* v. *The State*, 2 Ind. 308 ; *The State* v. *Winemiller*, 11 Ind. 516 ; *The State* v. *Prescott*, 33 N. H. 212 ; *Stoltz* v. *The People*, 4 Scam. 168.

The time which the house or room was kept for gambling was sufficiently charged. *McAlpin* v. *The State*, 3 Ind. 567. It would have been sufficient to have shown that the house was kept for gambling purposes for one day. *The State* v. *Crogan*, 8 Iowa, 523.

The indictment was not rendered bad by the averment of the kind of games played, and the statement of the names of the persons by whom the games were played. It was not necessary to state the character of the games played, or the names of the persons by whom they were played. *The State* v. *Dole*, 3 Blackf. 294 ; *The State* v. *Ake*, 9 Tex. 322 ; *Carpenter* v. *The State*, 14 Ind. 109. The allegation of the character of the games played, and the statement of the names of the persons who played them, are, however, mere matters of surplusage, and do not vitiate the indictment.

The court erred in sustaining the appellee's motion to quash the indictment.

Judgment reversed, at costs of appellee.