COMMONWEALTH *vs.* PATRICK GIBBONS.

Suffolk.  January 12.—15, 1883.  FIELD & W. ALLEN, JJ., absent.

A complaint on the Pub. Sts. *c.* 100, § 12, as amended by the St. of 1882, *c.* 259, § 1, alleged that the defendant, at a time and place named, was duly licensed to sell spirituous and intoxicating liquor in certain premises, to wit, "the room in the first story of the building situate and numbered fourteen in Charter Street in said city," and then and there used by him for the sale of spirituous and intoxicating liquor under the provisions of such license, and that he "did then and there place and maintain upon said premises, so used as aforesaid, a certain screen, blind, shutter, curtain and partition, in such a way as to interfere with a view of the business conducted upon said premises, and with a view of the interior of said premises." *Held*, that the complaint was sufficient.

COMPLAINT to the Municipal Court of Boston, on the Pub. Sts. *c.* 100, § 12, as amended by the St. of 1882, *c.* 259, § 1, alleging that the defendant, on August 6, 1882, at Boston, was duly licensed to sell spirituous and intoxicating liquor in certain premises, to wit: "the room in the first story of the building situate and numbered fourteen in Charter Street in said city," and then and there used by him for the sale of spirituous and intoxicating liquor under the provisions of such license; and that he "did then and there place and maintain upon said premises, so used as aforesaid, a certain screen, blind, shutter, curtain and partition, in such a way as to interfere with a view of the business conducted upon said premises, and with a view of the interior of said premises."

In the Superior Court, the defendant moved to dismiss the complaint, for the following reasons: "1. Said complaint is void for uncertainty, for that it does not appear by said complaint what premises the defendant used to sell spirituous and intoxicating liquors at the time of the commission of the offence alleged, and under the license alleged to be granted him; and also, that it does not appear by said complaint, with sufficient certainty, upon what premises the screen, blind, shutter, curtain and partition was placed and maintained in such a way as to interfere with a view of the business conducted thereon. 2. Said complaint is void for duplicity, in that it alleges that a certain screen, blind, shutter, curtain and partition was placed and maintained upon the premises described in said complaint,

in such a way as to interfere with a view of the interior of said premises, and of the business conducted upon said premises, and does not allege what obstruction interfered with said view. 3. There is no offence fully, formally and substantially set forth in said complaint."

*Mason*, J. overruled the motion. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. F. Donnelly*, for the defendant.

*G. Marston*, Attorney General, *& C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. The complaint is sufficient. It is not bad for duplicity, and it describes the premises occupied by the defendant with sufficient certainty.        *Exceptions overruled.*