Davis v. The State.

No. 12,137.

## DAVIS v. THE STATE.

CRIMINAL LAW.—*Gaming.—Indictment.—Duplicity.—Motion to Quash.*—An indictment under section 2079, R. S. 1881, charged that one D., on, etc., "was the keeper, manager and tenant occupying a certain building, * * and did then and there * * unlawfully and knowingly permit and suffer" certain persons "to be and remain, playing and gaming therein at the unlawful games of faro and poker, * * for money, * * and did then and there, on," etc., "unlawfully keep said building to be used and occupied for gaming, contrary," etc. On motion to quash,

*Held,* that the indictment is not bad for duplicity.

SAME.—In such case, where the offences charged were committed by the same person, at the same time, and as a part of the same transaction, and subject the offender to the same punishment, they may be joined conjunctively in one count as one offence.

From the Bartholomew Circuit Court.

*M. D. Emig,* for appellant.

*F. T. Hord,* Attorney General, *W. Dixon,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ZOLLARS, C. J.—Appellant contends that the indictment is bad for duplicity, and that, therefore, the court below erred in overruling the motion to quash. The prosecution is under section 2079, R. S. 1881, which provides that whoever keeps a building, etc., to be used or occupied for gaming, or knowingly permits the same to be used or occupied for gaming, or whoever, being the owner of any building, etc., rents the same to be used or occupied for gaming, shall be fined not more than five hundred nor less than ten dollars.

The indictment is in one count. That portion which charges and describes the offence is as follows: "That one John M. Davis, * * on the 1st day of January, A. D. 1883, and on divers other days and times between that day and the making of this presentment, was the keeper, manager, and tenant occupying a certain building, * * * * * and did then and there, and on the said divers other days and times between that time and the making of this presentment, unlawfully and

knowingly permit and suffer George Mitchell, * * * * and divers other persons, to the grand jury unknown, to be and remain, playing and gaming therein at the unlawful games of faro and poker, * * * for money, * * * and did then and there on said 1st day of January, A. D. 1883, and on said divers other times and days between said time and the making of this presentment, unlawfully keep said building to be used and occupied for gaming, contrary," etc.

The argument is that the above section of the statute defines three separate offences: *First.* The keeping of a building to be used, etc., for gaming; *Second.* Knowingly permitting the same to be used, etc., for gaming; and, *Third.* The renting of a building by the owner to be used for gaming. And that the indictment charges two of these offences in the same count, and is, therefore, double.

A case involving a statute similar to that involved here, came before this court in 1850. In that case, the indictment charged in the same count, that the defendant kept, and suffered his house to be used for gaming. It was insisted that the indictment was bad, because it charged two offences. It was held that it charged but one offence. *Dormer* v. *State*, 2 Ind. 308. In support of the ruling, the court cited the case of *State* v. *Slocum*, 8 Blackf. 315, where it was held that an indictment in one count, charging that the defendant maliciously, etc., destroyed and injured, and caused to be destroyed and injured, a certain mare, etc., was not objectionable for multifariousness or uncertainty, under a statute which provided that every person who should maliciously, etc., destroy, etc., or cause to be destroyed, etc., any property of another, should be guilty, etc.

In the case of *Sowle* v. *State*, 11 Ind. 492, a statute, in all essentials similar to the present statute, was involved. The prosecution was upon an information. After setting out the statute, the court said: " The first branch of the above section contemplates two offences—first, the keeping of a building, etc., for gambling; and second, suffering gambling in his

building.  *   *   *  In the latter case," (*Dormer* v. *State, su-pra*) "a question was made as to duplicity—the indictment charging that the defendant *kept,* and suffered his house to be used, for gaming, etc.   The Court held that the indictment was not double, which was undoubtedly a correct ruling, for the obvious reason that, if the defendant kept his house for gambling, it could neither add to, nor diminish from the offence that he suffered it to be used for the purpose for which it was kept.   The latter was merged in the former."   The indictment in the case of *Crawford* v. *State,* 33 Ind. 304, charged that the defendant unlawfully kept *and suffered* a certain building, etc., to be used for gaming, and then and there unlawfully suffered Michael Beck, James A. Stretch, etc., to play at a certain game, commonly called billiards, for money, etc.   It will be observed that this indictment was very similar to the one before us, except in the order of statement.   It was claimed there, that the indictment was bad for duplicity.   The court said: "This question has been settled in this court against the appellant," and cited the cases of *Dormer* v. *State, supra,* and *State* v. *Slocum, supra.*   The same question, under the same statute, and upon an indictment in all respects the same as that before us, except in the order of statement, came before the court again in the case of *Padgett* v. *State,* 68 Ind. 46, and upon the authority of the case of *Crawford* v. *State, supra,* the indictment was held sufficient.   In the later case of *State* v. *Pancake,* 74 Ind. 15, the indictment charged that the defendant kept a house for gaming, by permitting certain named persons to gamble therein for money.   After citing what was said in the case of *Sowle* v. *State, supra,* about the statute contemplating two offences, viz., the keeping of a building for gaming, and permitting gambling therein, it was held that the indictment sufficiently charged the keeping of the building for gambling, without aid from the averments which followed it, and that the portion in relation to the character of the games

played, and the persons who played them, might be regarded as surplusage, and would not render the indictment bad.

The indictment in that case is not so similar to the one before us as the indictments in the other cases cited, for the reason that the word " by," indicates that what followed it was in support of the charge that the house was kept for gambling. These are the only cases that we have found in our search, in which the question here involved has been adjudicated by this court. In all of them it is conceded, and in some of them held, that the section of the statute defines the offences of keeping a house for gaming, renting a house for gaming, and permitting gaming in such a house, as separate offences, and in all of them it was held that an indictment, charging in one count two of the offences, is not bad for duplicity. None of them give a very satisfactory reason for the holding, unless, perhaps, the case of *Sowle* v. *State, supra,* and the case of *State* v. *Pancake, supra,* which, as we have seen, involved a differently framed indictment.

The purpose of the statute is to suppress gambling houses. If a person keeps a house to be used for gaming, he violates the statute, and may be convicted. If a person knowingly permits his house to be occupied or used for gaming, he, that far, makes it a gambling house, violates the statute, and may be convicted. In this sense, the offences are separate, and may be separately prosecuted. And yet, in another sense, the offences constitute the one offence of violating the statute against gambling houses. And in this sense, as was said in the case of *Sowle* v. *State, supra,* the offence of permitting the gambling is merged in the offence of keeping a gambling house.

Mr. Bishop, in his work on Criminal Procedure, vol. 1, at section 436, in speaking of statutes framed like that under consideration, says: "It is common for a statute to declare, that, if a person does this, or this, or this, he shall be punished in a way pointed out. Now, if, in a single transaction, he does

all the things, he violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore, an indictment upon a statute of this kind may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has ' or,' and it will not be double, and it will be established at the trial by proof of any one of them." In support of this the author cites English cases, and cases by the Supreme Courts of Massachusetts, Missouri, Iowa, New Hampshire, Texas, West Virginia, Georgia, Maine, Wisconsin, Alabama, and some of the United States Circuit Courts.

In speaking of an indictment under statutes in relation to gaming houses, the same author, at section 493, vol. 2, of the same work, says: "Nor is it double or uncertain, though it alleges that the defendant kept the house on a day named, and allowed gaming in it then and on divers days and times before and after."

In the case of *Clifford* v. *State*, 29 Wis. 327, it was held that when a statute makes it a crime to do any one of several things mentioned *disjunctively*, all of which are punished alike, it is a general rule that the whole may be charged *conjunctively* in a single count as a single offence.

In the case of *Byrne* v. *State*, 12 Wis. 577, it was said: " The rule is well settled that, where a statute makes either of two or more distinct acts connected with the same general offence and subject to the same measure and kind of punishment, indictable separately as distinct crimes when each shall have been committed by different persons or at different times, they may, when committed by the same person at the same time, be coupled in one count, as constituting altogether but one offence. In such cases, the several acts are considered as so many steps or stages in the same affair, and the offender may be indicted as for one combined act in violation of law; and proof of either of the acts mentioned in the statute and set forth in the indictment will sustain a conviction. * * *

There can be no doubt that the receiving and sanctioning the reception of a vote, under the circumstances stated in the statute, are distinct offences, and when committed separately may be indicted as such, but the indictment is not double or uncertain because both are joined in the same count for the reason above stated." See, also, *State* v. *Cooster,* 10 Iowa, 453; *State* v. *Myers,* 10 Iowa, 448. And, to the same effect as the Wisconsin cases, *State* v. *Prescott,* 33 N. H. 212, *Mackey* v. *State,* 3 Ohio St. 362, *State* v. *Fletcher,* 18 Mo. 425, *Commonwealth* v. *Twitchell,* 4 Cush. 74.

*Francisco* v. *State,* 4 Zab. 30. In this case it was said: "Another error alleged is, that the indictment charges several misdemeanors in a single count, to wit, an assault and battery and false imprisonment. There is nothing in this. The assault, the battery, the false imprisonment, though in themselves separately considered they are distinct offences, yet collectively they constitute but one offence—the seizure and forcible detention of a person illegally and against his will is technically such an offence."

Our own cases are in accord with the general doctrine of the above authorities. *State* v. *Kuns,* 5 Blackf. 314; *Durham* v. *State,* 1 Blackf. 33; *State* v. *Hutzell,* 53 Ind. 160.

The case before us falls clearly within the doctrine of the above authorities, which, in our judgment, is a reasonable doctrine. Here the indictment charges those things which are in violation of the section of the statute against gambling houses; they were committed by the same person, and at the same time, are a part of one transaction, and subject the offender to the same punishment, and are, therefore, properly joined in the same count.

Appellant's reliance is upon the case of *Knopf* v. *State,* 84 Ind. 316. All that was held in that case is that separate and distinct offences, created by separate and distinct sections of the statute, and separate statutes, can not be joined in the same count of an indictment, and that such an indictment will be quashed for duplicity. We adhere to the doctrine of

Cleveland, Columbus, Cincinnati and Indianapolis R. W. Co. v. Wynant.

that case, but it is not the case before us.   The two cases are clearly and readily distinguishable.   We conclude that the court below did not err in overruling the motion to quash the indictment, and, therefore, affirm the judgment, with costs.

Filed Feb. 13, 1885.