STATE *vs.* MICHAEL BRADY.

When a statute forbids several acts enumerated disjunctively and punishes them alike, the
commission of all may usually be charged in one count, and the accused, on conviction,
will be subject to but one punishment.

An indictment under Pub. Stat. R. I. cap. 80, § 1, charged in one count that the accused
did "keep and maintain a certain grog shop and tippling shop and building, place, and
tenement used for the illegal sale and the illegal keeping of intoxicating liquors, and for
the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons, to the

great damage and common nuisance of all good citizens of this State, against the form of
the statute."

*Held*, that the count was not multifarious.

*State* v. *Doyle*, 15 R. I. 527, affirmed.

At the trial of this indictment, a witness for the defendant, called to show the good charac-
ter of the place, was asked on cross-examination if he drank whiskey there.

*Held*, that the question was rightly admitted.

EXCEPTIONS to the Court of Common Pleas.

*January* 7, 1888. DURFEE, C. J. The first exception is be-
cause the Court of Common Pleas refused to strike out the second
count of the indictment on the defendant's motion, his conten-
tion being that the count is bad for duplicity. The second count
charges that the defendant did "keep and maintain a certain grog
shop and tippling shop and building, place, and tenement used for
the illegal sale and the illegal keeping of intoxicating liquors, and
for the habitual resort of intemperate, idle, dissolute, noisy, and
disorderly persons, to the great damage and common nuisance of
all good citizens of this State, against the form of the statute," etc.
The indictment was preferred and the second count framed under
Pub. Stat. R. I. cap. 80, § 1, which declares "all grog shops, tip-
pling shops, or buildings, places, or tenements used for the illegal
sale or keeping of intoxicating liquors, or where intemperate, idle,
dissolute, noisy, or disorderly persons are in the habit of resorting,"
to be nuisances. The defendant's argument is that the statute
makes each separate building or place mentioned a nuisance, if
used as described, and that, therefore, inasmuch as the second
count charges conjunctively that the defendant did keep and
maintain them all, the count charges as many offences as there are
buildings or places mentioned, and is manifestly multifarious or
bad for duplicity. We do not think the objection is tenable. It
seems to us that the truer view is that the several statutory terms
are used cumulatively to designate the same place and thing, or
that, if they were intended to apply to several places and things,
there is still only one offence of keeping and maintaining those
places and things charged, and that on trial it will appear that
they, or so many of them as exist, were kept as parts of a common
concern, or as contributing to a single purpose or business. It is
familiar doctrine that where a statute forbids the doing of any one
of several things mentioned disjunctively, all of which are pun-

ished alike, the doing of all of them may ordinarily be charged in one count as one offence, and, on conviction, the accused will be liable to only one punishment, the same as though he had done only one of them.    Our complaints for selling or keeping for sale ale, wine, rum, and other strong or malt liquors are illustrations of this.  1 Bishop on Criminal Procedure, § 436 ;  *Davis v. The State,* 100 Ind. 154;  *State* v.  *Colwell,* 3 R. I. 284 ;  *Commonwealth* v. *Gibbons,* 134 Mass. 197 ;  *Conley* v.  *The State,* 5 W. Va. 522.

The defendant moved in the court below that the second clause of both counts be stricken out because the clause does not allege *when* the place kept or maintained was used  " for the habitual resort," etc.    In *State* v. *Doyle,* 15 R. I. 527, this court, following the Supreme Judicial Court of Massachusetts in *Commonwealth* v. *Langley,* 14 Gray, 21, held that it was unnecessary to repeat the allegations of time and place in connection with said clause.    We adhere to that decision.

The defendant contends that the words import no offence, because the statute does not make it an offence to keep a place for the habitual resort of " intemperate, idle, dissolute, and disorderly persons," but makes it an offence to keep a place where such persons are in the habit of resorting.    The defendant does not correctly apprehend the count.    The count charges that the defendant " did keep and maintain a certain grog shop and tippling shop, and  building, place, and  tenement *used* . . . for the habitual resort," etc.    The count so read charges in effect the offence as committed in the manner described by the statute.

The defendant also excepts because the court below refused to grant his motion to quash the indictment.    He contends that the indictment is bad because it contains two counts setting forth the same offence, with certain slight verbal variations, in the same manner.    A similar exception was taken in *State* v. *Doyle,* 15 R. I. 527, and overruled.    The objection, if it may be regarded as such, is at best the merest matter of form, and cannot be maintained under our statute.    Pub. Stat. R. I. cap. 248, § 4.    And see *State* v. *Rust,* 35 N. H. 438.

The bill of exceptions contains the following statement of an exception, to wit :  " During the trial, the defendant offered a witness who testified to the good character of the defendant's place,

and that he saw no intemperate, idle, noisy, dissolute, and disorderly persons about it, nor knew of any disturbance therein.  On cross-examination the witness was asked if he drank any liquors there, which question was objected to, the objection overruled, and exception taken.  The witness answered : ' I drank soda and hop-beer there.'  He was then asked if he had drunk whiskey there.  The question was objected to, objection overruled, and exception taken.  The witness answered : 'I am not a chemist ; I cannot tell what it was I drank ! ' "

We do not see any error in these rulings.  It is always permissible to put questions to a witness in cross-examination for the purpose of eliciting testimony to show the influence or bias under which he testifies, or to show his relation to the party calling him or to the subject matter of the trial.  The extent to which this line of testimony shall go is largely discretionary with the presiding judge, and we see no reason to think that in this case the judge abused his discretion.  Indeed, if we were to regard the questions simply as a cross-examination of the witness upon the matter in regard to which he testified in chief, we do not see but that it may have been proper, since he testified in chief to the character of the place.                     *Exceptions overruled.*

*Clarence A. Aldrich,* Assistant Attorney General, for plaintiff.
*Henry J. Dubois,* for defendant.