Jessup *v.* The State.

Filed January 23, 1896.

---

No. 1,513.

## JESSUP *v.* THE STATE.

VARIANCE.—*Indictment and Proof.—Gaming House.*—Proof that a
witness before a grand jury, in a prosecution for permitting per-
sons to remain in defendant's building for the purpose of gaming
therein, knew the names of the persons engaged in the gambling,
is not a fatal variance from an indictment alleging that such per-
sons were unknown to the grand jurors, where the evidence shows
a continuing offense and the names of the persons engaged in the
gambling are only an incidental matter.

From the Gibson Circuit Court.

*W. W. Medcalf,* for appellant.

*W. A. Ketcham,* Attorney-General, and *W. E. Cox,*
for State.

LOTZ, J.—The indictment in this case charged that the appellant, who being the keeper of a certain building did unlawfully and knowingly permit persons, to the grand jurors unknown, to be and remain playing and gaming therein at cards and dice, to and with each other for money. See section 2173, Burns R. S. 1894 (section 2079, R. S. 1881). The appellant was tried and convicted, and in this appeal he has assigned as error the overruling of his motion for a new trial. He asserts that the finding is contrary to the law.

It is further contended that the proof shows that the names of the persons who engaged in the gambling were known, or could have been known to the grand jury, and that this constitutes a fatal variance. The only evidence upon this point was given by one of appellant's witnesses. This witness testified that he was before the grand jury, and that he knew at that time the persons engaged in gambling in the building, and that he could have given the names if the inquiry had been made of him.

The appellant relies, in support of his contention, upon the case of *Blodget* v. *State*, 3 Ind. 403, and of the cases approving that decision. *Stone* v. *State*, 30 Ind. 115 ; *Moore* v. *State*, 65 Ind. 213.

In the case of *Blodget* v. *State*, *supra*, the defendant was charged with retailing spirituous liquors, and it was averred that the liquor was sold to a person whose name was unknown to the grand jury. On the trial a witness testified that the liquor was sold to a person (naming him), that he knew the person, and that he would have informed the grand jury of his name, had inquiry been made. It was held that the evidence did not sustain the indictment.

But in that case, and the cases following it, the offense charged consisted of a single specific act, and

it was necessary to name the persons to whom the liquor was sold, for that was one of the means by which the offense could be described or identified. If the names of the persons were known they should have been alleged, for the defendant was entitled to know what particular charge he was required to meet. But knowingly permitting a building to be used for gambling purposes, does not necessarily consist of a single specific act. The evidence in this case shows a continuing offense, and the names of the persons who engaged in the gambling is only an incidental matter in this case. *State* v. *Lindley*, 14 Ind. 430 ; *Freeman* v. *State*, 119 Ind. 501.

This court in the case of *Dutton* v. *State*, 2 Ind. App. 448, drew the distinction between offenses consisting of a single specific act, and those consisting of a number of continuous acts. We are still of the opinion that the distinction is well founded, and that the evidence on this point is not insufficient.

There are other contentions made by appellant, but as they depend upon the weight of the evidence, we cannot reverse the case for such causes.

Judgment affirmed.

Filed January 24, 1896.