## CHRIST *v.* THE STATE.

[No. 4,909.    Filed December 15, 1903.    Rehearing denied March 11, 1904.
Transfer denied July 1, 1904].

CRIMINAL LAW.—*Indictment.*—Under the criminal code of this State, if the facts well pleaded supply the grounds for a necessary legal conclusion, it will be made by the court, and the failure of the pleader to state it will not vitiate the indictment.  *p. 490.*

GAMING.—*Indictment.*—An indictment which charges that at the time and place named, the defendant, "being then and there the keeper of a building and room in said county and State, did then and there permit said building and room to be used and occupied for gaming by certain persons, to wit,  *  *  *  and did permit such persons in and about such building to play faro, poker and other games of chance for money," is sufficient, under §2173 Burns 1901. *pp. 489, 490,*

From Blackford Circuit Court; *E. C. Vaughn*, Judge.

William F. Christ was convicted of keeping a building or room to be occupied for gaming, and appeals. *Affirmed.*

*J. A. Hindman* and *M. M. Powell*, for appellant.

*C. W. Miller*, Attorney-General, *C. C. Hadley*, *L. G. Rothschild* and *W. C. Geake*, for State.

ROBINSON, J.—The indictment charges that at a time and place named, appellant "being then and there the keeper of a building and room in said county and State, did then and there permit said building and room to be used and occupied for gaming by certain persons, to wit, * * * and did permit such persons in and about such building and room to play faro, poker, and other games of chance for money."

The sufficiency of this indictment against a motion to quash is the only question presented. The statute (§2173 Burns 1901) provides, that "whoever keeps a building, room, * * * to be used or occupied for gaming; or knowingly permits the same to be used or occupied for gaming; or whoever, being the owner of any building, room, * * * rents the same to be used or occupied for gaming, —shall be fined not more than $500 nor less than $10." The above section of the statute defines three separate offenses: (1) Keeping a building or room to be used or occupied for gaming; (2) keeping a building or room, and knowingly permitting the same to be used or occupied for gaming; (3) being the owner of the building or room, and renting it to be used or occupied for gaming.

The indictment does not charge the offense defined in either the second or third clauses. It is not charged that appellant kept a building and knowingly permitted it to be used for gaming, or that he owned a building and rented it to be used for gaming. But considering the indictment as a whole, it does charge the offense defined in the first clause;

that is, that appellant kept a building and room that was being used and occupied for gaming. It does not simply charge that appellant was the keeper of a building which he permitted to be used for gaming, but it particularizes by naming certain persons whom appellant permitted to play certain games in the building, thus sufficiently informing appellant that he was charged with keeping a room that was being used and occupied for gaming. The Supreme Court has said the general rule is that, if the facts well pleaded supply grounds for the necessary legal conclusion, it will be made by the court, and the failure of the pleader to state it will not, under our criminal code, however it may have been at common law, vitiate the indictment. *Henning* v. *State*, 106 Ind. 386, 55 Am. Rep. 756.

In considering an indictment under this statute, claimed to be bad for duplicity, the court, in *Davis* v. *State*, 100 Ind. 154, said: "If a person keeps a house to be used for gaming, he violates the statute, and may be convicted. If a person knowingly permits his house to be occupied or used for gaming, he, that far, makes it a gambling house, violates the statute, and may be convicted. In this sense, the offenses are separate, and may be separately prosecuted. And yet, in another sense, the offenses constitute the one offense of violating the statute against gambling houses. And in this sense, as was said in the case of *Sowle* v. *State*, 11 Ind. 492, the offense of permitting the gambling is merged in the offense of keeping a gambling house."

Whether the evidence showed that appellant kept a building or room that was being used and occupied for gaming we have nothing to do, as no attempt has been made to bring the evidence into the record.

Judgment affirmed.