## JAMES *v.* STATE OF INDIANA.

[No. 23,828. Filed March 11, 1921. Rehearing denied June 10, 1921.]

1. CRIMINAL LAW.—*Appeal.*—*Presumptions.*—On appeal from a judgment of conviction, it will be assumed that the jury believed that part of the evidence most strongly tending to support the finding. p. 632.

2. GAMING.—*Indictment for Keeping Gaming House.*—*Sufficiency.*—*Names of Gamblers.*—An indictment for keeping a gaming house, in violation of §2466 Burns 1914, Acts 1905 p. 584, §557, need not allege the name of any person who played there. p. 632.

3. GAMING. — *Surplus Averments.* — *Proof.* — The unnecessary averment in an indictment for keeping a building to be used for gaming in violation of §2466 Burns 1914, Acts 1905 p. 584, §557, that certain named persons and others unknown were suffered to gamble, did not make it necessary for the state to show that all the persons thus described actually engaged in gaming in order to prove the offense.   p. 632.

4. CRIMINAL LAW.—*Indictment Charging Two Offenses.—General Verdict of Guilty.—Presumption.*—Where an indictment properly charged in the language of the statute two public offenses forbidden by the same section of the statute, if the evidence proved one of them, but not the other, a general verdict of guilty will be deemed a verdict of guilty of the offense sufficiently.   p. 633.

5. GAMING.—*Conviction.—Evidence.—Sufficiency.—Statutes.*—In a prosecution for keeping a building to be used for gaming in violation of §2466· Burns 1914, Acts 1905 p. 584, §557, evidence *held* sufficient to sustain a conviction.   p. 633.

6. CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Sufficiency.— Scope of Review.*—In determining the sufficiency of the evidence to sustain a judgment of conviction, the court on appeal will reject the evidence favorable to appellant, and accept as true the evidence and inferences therefrom which most strongly tend to support the finding below.   p. 633.

From Marion Criminal Court (50,747) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Otto James.   From a judgment of conviction, the defendant appeals.   *Affirmed.*

*Fred R. Bonifield* and *Robbins & Weyl,* for appellant.
*U. S. Lesh,* Attorney-General, and *A. G. Cavins,* for the state.

EWBANK, J.—Appellant was prosecuted under §2466 Burns 1914 (Acts 1905 p. 584, §557), upon an affidavit charging that at a time and place stated he did unlawfully keep a certain building "to be used for gaming, and  *  *  *  unlawfully and knowingly permit Clay Oliver, Forrest Oliver, Thomas Hewett and others unknown, to play at certain games for money," etc.   Having been found and adjudged guilty, he filed his motion

for a new trial for the alleged reasons that the finding and decision was not sustained by sufficient evidence, and was contrary to law, which motion was overruled and the appellant excepted. Appellant concedes the sufficiency of the affidavit, but denies that the offense charged was proved.

The statute provides that "whoever keeps a building * * * to be used or occupied for gaming, or knowingly permits the same to be used or occupied for gaming * * * shall, on conviction, be" punished as therein provided.

There was evidence that the police found that crap shooting for money was going on in a dining room in the rear of a pool room operated by appellant's brother; that the police officers rushed into the room and arrested nineteen persons, including appellant, and that six of them, including appellant, pleaded guilty to the charge of gambling and were each fined $5 and costs; that all of them were released on bond and two hours later, that same evening, the police broke into the same room when dice was being thrown and when money was on the table, seized the dice, money, and the box, and again arrested ten men, including appellant, who was in the room when the police broke in both times; appellant testified that the men in the room were "gambling," and that he was arrested and fined for gambling the first time. A witness testified that appellant has a pool room there, and that the police came in the back way and broke through the door, and one of them picked up three half dollars from the table; that "one of the James boys" had a big roll of greenbacks; and it was testified that appellant's brother at the time was out in the pool room attending to business; the witness stated that appellant has a pool room there, and soft drinks, and that this was in the second room back of the pool room; that Forrest Oliver was there and was convicted on a plea

of guilty; and that Thomas Newitt was there the second time and he pleaded guilty. The lieutenant in charge of the police, who made the second raid that evening, testified that he asked appellant who was the proprietor of the place and appellant said he was, and that he asked appellant, and he said it was his place. It was also testified that Martin Monohan and Allen McKenzey were there that night, and that they were gambling. Nothing was proved as to who were the others present either time the police came that evening, besides Forest Oliver, Thomas Newitt, Martin Monohan, Allen Mc-Kenzey and the appellant, nor whether Floyd Redenbach, who made the affidavit, or any representative of the state knew the names of those present, other than the three named in the affidavit on which appellant was prosecuted.

There was also evidence disputing what is above recited, but under the rule which obtains on appeal to this court, we must assume that the jury believed 1. that part of the evidence most strongly tending to support the finding.

Appellant complains that there was no evidence that any of the persons who gambled were unknown.

An indictment for keeping a gaming house need not allege the name of any person who played there. *Dormer* v. *State* (1850), 2 Ind. 308; *Sowle* v. 2, 3. *State* (1858), 11 Ind. 492; *Davis* v. *State* (1885), 100 Ind. 154; Ewbank, Criminal Law §1031. And the unnecessary averment that certain named persons and others unknown were suffered to gamble, did not make it necessary to prove that all the persons thus described actually engaged in gaming, in order to prove the offense of keeping a building to be used for gaming. *Dormer* v. *State, supra; Jessup* v. *State* (1896), 14 Ind. App. 230, 42 N. E. 948.

Where an indictment properly charged in the lan-

guage of the statute two public offenses forbidden by the same section of the statute, if the evidence

4. proved one of them but not the other, a general verdict of guilty will be deemed a verdict of guilty of the offense sufficiently proved. *Donahue v. State* (1905), 165 Ind. 148, 152, 74 N. E. 996.

If appellant, at the time and place charged, "kept" the building and room in which gambling was interrupted by the police twice in a single evening,

5, 6. when he was present and was himself engaged in gaming, there was ample evidence to show that he so kept it for the unlawful purpose charged. And rejecting as we must, the evidence favorable to appellant, and accepting as true the evidence and inferences therefrom which most strongly tend to support the finding, there was evidence to sustain the finding of guilty of the charge of keeping the place for the unlawful purpose stated.

The judgment is affirmed.