## LEE *v.* STATE OF INDIANA.

[No. 23,929. Filed October 28, 1921. Rehearing denied February 2, 1922.]

1. INDICTMENT AND INFORMATION.—*Keeping Gambling House.— Indictment.— Sufficiency.— Averment of Gaming.— Names of Players.*—An indictment for keeping a house to be used for gaming need not aver that any gaming has actually taken place, or, if it does, it need not state the names of the players, though it may do so, an indictment substantially in the language of the statute (§2466 Burns 1914, Acts 1905 p. 584, §557), being sufficient. p. 517.

2. CRIMINAL LAW.—*Indictment Charging Two Offenses under Same Statute.— Verdict of Guilty.— Construction.— Proof of One Offense Only.*—Where an affidavit charges, in the language of the statute, two public offenses forbidden by the same section thereof, if the evidence proves one only, a general verdict of guilty will be deemed a verdict of guilty of the offense proved. p. 518.

3. CRIMINAL LAW.—*Appeal.—Review.—Circumstantial Evidence. —Conflicting Inferences.—Province of Appellant Tribunal.*— Where circumstantial evidence is such that two conflicting in-

ferences may be reasonably drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the Supreme Court to determine which inference should have controlled the jury. p. 518.

4. CRIMINAL LAW.—*Appeal.—Evidence.—Sufficiency to Sustain Verdict of Guilty.—Scope of Review.*—In determining whether the evidence is sufficient to sustain a verdict of guilty, the court on appeal will consider only the evidence most favorable to the state, together with the inferences and conclusions to be drawn therefrom, and evidence contradictory thereto will not be considered. p. 519.

5. CRIMINAL LAW.—*Appeal.— Review.— Evidence.—Weight and Sufficiency.— Verdict.— Conclusiveness.*— In determining the sufficiency of the evidence to sustain a verdict of guilty, the court on appeal will not weigh the evidence, whether it is direct, circumstantial or both, and if there is any evidence to sustain the verdict, it will not be disturbed. p. 520.

6. INDICTMENT AND INFORMATION.—*Keeping Gambling House.— Indictment.—Proof.—Charging Two Offenses.*—In a prosecution for keeping a gambling house in violation of §2466 Burns 1914, Acts 1905 p. 584, §557, defining two offenses, keeping a gambling house and knowingly permitting one's house to be occupied for gaming, an averment in the affidavit charging the latter offense is surplusage, and need not be proved to sustain a conviction, the latter offense being merged in the former. p. 520.

7. CRIMINAL LAW.—*Appeal.— Review.— Harmless Error.—Admission of Evidence.*—In a prosecution for keeping a gambling house in violation of §2466 Burns 1914, Acts 1905 p. 584, §557, the admission in evidence of police court records of cases against others arrested in the raid on defendant's place and charged with gaming and visiting a gambling house, though erroneous, was harmless, where defendant testified that defendants named in such records were found guilty and fined for visiting a gambling house. p. 520.

From Marion Criminal Court (51,313) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Harry Lee. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Robbins & Weyl,* for the appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

WILLOUGHBY, J.—The defendant was convicted of keeping a place for gaming in violation of §2466 Burns 1914, Acts 1905 p. 584, §557. The trial was by the court without a jury. The court found the defendant guilty as charged in the affidavit and assessed as his punishment that he be fined in the sum of $25, and that he be imprisoned in the Marion county jail for a period of thirty days and that he pay all costs of the action.

Judgment was rendered on this finding and from this judgment the appellant appeals and assigns as error. 1. The court erred in the overruling of appellant's motion for a new trial. 2. The trial court erred in overruling appellant's motion to quash the affidavit.

The defendant claims that the facts stated in the affidavit do not constitute a public offense. That said affidavit does not state the offense with sufficient certainty.

1. An indictment for keeping a house to be used for gaming need not aver that any gaming has actually taken place. If such indictment alleges actual gaming it need not state the names of the players, though it may do so. An indictment for keeping a gambling house substantially in the language of the statute is sufficient. Ewbank, Criminal Law §1031.

In *Davis* v. *State* (1885), 100 Ind. 154, the court in overruling a motion to quash an indictment in substantially the same form as the affidavit in this case and based upon a similar statute, said, "The purpose of the statute is to suppress gambling houses. If a person keeps a house to be used for gaming, he violates the statute, and may be convicted. If a person knowingly

permits his house to be occupied or used for gaming, he, that far, makes it a gambling house, violates the statute, and may be convicted. In this sense, the offenses are separate, and may be separately prosecuted. And yet, in another sense, the offense constitutes the one offense of violating the statute against gambling houses. And in this sense, as was said in *Sowle* v. *State* (1858), 11 Ind. 492, the offense of permitting the gambling is merged in the offense of keeping a gambling house." See also, *Dormer* v. *State* (1850), 2 Ind. 308; *State* v. *Pancake* (1881), 74 Ind. 15. The court did not err in overruling the motion to quash.

It is claimed that the affidavit charges the appellant with two offenses, one being the keeping of a gaming house and the other knowingly permitting his house to be used and occupied for gaming and that before a conviction can be had the state must prove the commission of both of these offenses.

This court has held that where an affidavit charged in the language of the statute two public offenses, forbidden by the same section of the statute, if the evidence proved one of them but not the other, a general verdict of guilty will be deemed a verdict of guilty of the offense proved. *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Howard* v. *State* (1921), *ante* 232, 131 N. E. 403.

The evidence in this case is partly circumstantial and the appellant contends that when evidence is circumstantial and leaves standing some reasonable hypothesis of innocence there can be no conviction, and when the record discloses that fact to the appellate tribunal, a judgment of conviction cannot be affirmed. To sustain this proposition he cites *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588, and *Robinson* v. *State* (1919), 188 Ind. 467, 124 N. E. 489. The case of *Hamilton* v. *State, supra,* was overruled on

this point by *Lee* v. *State* (1901), 156 Ind. 541, 60 N. E. 299, where it is held that where the circumstances are of such a character that the jury might have reasonably drawn an inference of guilt of the accused, the question of guilt becomes one of fact for the determination of the jury and trial court and is not open to review on appeal.

Where the circumstantial evidence in a case is of such a character that two conflicting inferences may be reasonably drawn therefrom, one favorable to or tending to prove the guilt of the accused and the other favorable to his innocence, then, under such circumstances, it is not within the province of the Supreme Court to determine which inference ought to control the jury. This principle is laid down in *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930.

The rule that this court will not weigh the evidence applies whether the same is direct, circumstantial or both. *McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169.

In considering whether the evidence is sufficient to sustain a verdict, only that evidence which is favorable to the prevailing party is considered. In this 4. case the state is the prevailing party and in determining whether the evidence is sufficient to sustain the verdict this court will consider only the evidence most favorable to the state with the inferences and conclusions to be drawn therefrom, and will not consider any evidence which contradicts this evidence of the state. *James* v. *State, supra.*

In the case of *Robinson* v. *State, supra,* the question was upon the refusal of the court to give the following instruction, "Before you can convict this defendant on circumstantial evidence alone, the circumstances must be so strong and convincing as to be inconsistent with any reasonable hypothesis of the defendant's innocence."

In that case the court correctly held that it was error

to refuse this instruction when no other instruction had been given embodying the propositions of law stated therein. This instruction was given for the guidance of the jury in the trial of the cause and stated the law correctly, but when a case is before this court on appeal on the sufficiency of the evidence this court will not weigh the evidence, whether the same is direct, circumstantial or both, but if there is any evidence to sustain the verdict or finding, will sustain it and will refuse to consider any evidence contradicting the evidence most favorable to the prevailing party.

While the evidence in this case is partly circumstantial it leads to the conclusion that the appellant was the keeper of the place named in the affidavit and that it was kept to be used and occupied for gaming. It is true that the statute upon which the affidavit was drawn defines two offenses, one being the keeping of a gambling house and another knowingly permitting a house to be used and occupied for gaming. But the offense of permitting gambling is merged in the offense of keeping a gambling house and the clause in the affidavit alleging that the defendant "unlawfully and knowingly permitted Ambrose Wilt and others unknown to play at certain games for money and other articles of value" is surplusage and need not be proved to sustain a conviction. See *Howard* v. *State, supra; Dormer* v. *State, supra; State* v. *Pancake, supra.*

The evidence in this case discloses that on August 16, 1920, about three o'clock on Sunday morning a raid was made on the rooms occupied by the "Pioneer Club" of which the appellant, Harry Lee, was president and on that occasion appellant and several other persons were arrested at said rooms and taken to the police court and there charged with gaming and visiting a gambling house. The state upon the trial of the case in the criminal court of Marion county,

offered in evidence records of the cases so disposed of in the police court of the city of Indianapolis.

The defendant objected to the records offered, except the record against Harry Lee and alleged that they were not competent evidence against the defendant, Harry Lee. That they were actions of the court in cases to which he was not a party and would in no sense be bound by the admission of these defendants or the finding of the court. That the record evidence is hearsay as to defendant and not competent for the reason that the charge against him is for keeping a gaming house and that the records offered would have no tendency to prove that charge against him.

The court overruled his objection and admitted the records. The appellant claims that this was error. It may be conceded that it was error to admit these records in evidence, but was it error that was harmful to the appellant? We find by an examination of the record in this appeal that the appellant, himself, testified that the defendants named in these records were found guilty in the police court and fined for visiting a gaming house.

We think under the circumstances the admission of the records was not reversible error as their contents had been proven by other testimony which was not contradicted. *Carpenter* v. *State* (1860), 190 Ind. 611, 131 N. E. 375; *Mass., etc., Ins. Co.* v. *State, ex rel.* (1921), *post* 595, 131 N. E. 398; Ewbank's Manual (2d ed.) §257; *Board, etc.* v. *Hammond* (1882), 83 Ind. 453.

There was competent evidence in the record to sustain every essential fact necessary to sustain the finding of guilty. No reversible error is shown in the record.

Judgment affirmed.

Myers, J., absent.