YECKERING *v.* STATE OF INDIANA.

[No. 13,728.  Filed May 14, 1929.]

*William D. Hardy,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith,* Deputy Attorney-General, for the State.

McMAHAN, P. J.—Appellant was tried by the court without a jury and convicted of petit larceny, He appeals and assigns as error the overruling of his motion for a new trial, under which he contends the finding of the court is not sustained by sufficient evidence. The alleged theft took place on Saturday night, February 18, 1928.

Primus Jackson testified that on that night, he heard the barking of a dog and the squealing of pigs; that he got up, ran out and stood at the side of the crib and saw a man come out of the pigpen; that Jackson "hollered" for his gun, which his wife got, but the man with the pigs was too far away. Jackson fired once but did not hit the intruder. Jackson described the place where the

pigs were kept and said the man could not get through the hole with his overcoat on; that the man took his overcoat off and left it when he ran away with the pigs; that he, Jackson, and his wife looked in the pen and found the two pigs were gone; that, later in the night, a Mr. Hartig knocked at the door and called; when the witness did not answer the call, Hartig left, going past the hogpen and across the field as the man went with the pigs. The witness took the overcoat, which appellant admitted on the trial was his, to the house; the next day appellant and Hartig came to appellant's house and wanted to settle and wanted to get the overcoat. It is not necessary to detail the evidence as to what was said or done on this occasion. Mrs. Jackson testified, in substance, the same as her husband. These witnesses said the man carried the pigs away in a sack. Appellant denied having taken the pigs, and said he had loaned his overcoat to a young man, who testified that, on his way home from a party, he stopped at the Jackson house with Will Hardy, who wanted to get some corn; that Hardy knocked at the door and Jackson started shooting and they ran; that he had appellant's coat, and, as he ran through the barn lot, he dropped it; that appellant was not there and that none of them took the pigs. Other witnesses for appellant testified to facts corroborating the testimony of this witness.

The pigs were returned to the place from where they were taken. The court was justified in drawing the inference that appellant, knowing his overcoat had been found by Jackson, concluded it was best for him to return the pigs, and that he did so, and later undertook to settle with Jackson in order that he would not be prosecuted and in order that he could get his coat back.

Appellant contends that the testimony of Jackson and his wife is so incredible that it is not sufficient to sustain the finding of the court. The answer to this contention is that the trial court, who saw and

heard these witnesses, believed them in preference to the defendant and his witnesses.

In harmony with the well-established rule that an appellate court, in determining whether the evidence is sufficient to sustain the finding of the court or the verdict of the jury, will consider only that evidence which is favorable to the prevailing party, we hold the evidence sufficient to sustain the finding. See *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582.

Affirmed.