## LEVY v. STATE.

Opinion Filed June 24, 1916.

(158 Pac. 288.)

EVIDENCE—Other Offenses. In a prosecution for having in possession prohibited liquor with intent to sell the same, evidence of the conviction of defendant for previous sales is competent as a circumstance tending to show the intent to sell.

*Error from County Court, Logan County;*
*John D. Chappelle, Judge.*

Paul Levy was convicted of having possession of liquor with intent to violate the prohibitory law, and brings error. Affirmed.

*E. I. Saddler,* of Guthrie, for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J. The defendant in this case had 71 half-pints of whisky and 23 pints of beer in his residence, which was seized by the officers, and information filed against him, charging him with the offense of having possession of same with the intent to sell, barter, give away, and otherwise furnish said intoxicating liquors, contrary to and in violation of the statutes in such cases made and provided. A trial was had, which resulted in conviction, and judgment sentencing the defendant to 30 days in jail and a fine of $100, and he appeals from this judgment.

There is scarcely anything raised, by this appeal, which has not been already passed upon by this court adversely to the contention of defendant.

He complains that the information is defective, and that his demurrer to it should have been sustained, and cites *Buffo* v. *State,* 4th Okla. Cr. 516, 113 Pac. 233, in support of this contention; but an examination of the Buffo case, and the information in the case at bar, shows that the element which rendered the

information in the Buffo case defective is not lacking in the case at bar. In the Buffo case there was a total absence of any allegation as to what the accused intended to sell, barter, give away, or otherwise furnish, and it was upon this ground that the information was held defective. But in the case at bar it is clearly alleged that the accused intended to sell, barter, give away, and otherwise furnish the liquor described in the information.

The defendant complains because the state was allowed to prove that the accused had been convicted of former violations of the prohibition law, and the ground of this complaint is that the convictions proven were too remote to prove intent to illegally dispose of the liquors involved in the instant case. The state may prove former sales made by the defendant in cases of this kind, "as a circumstance tending to show an essential ingredient of the offense, namely, the intent to sell the liquor in possession" (*Hill* v. *State,* 3rd Okla. Cr. 686, 109 Pac. 291), and, though the former convictions proven in this case were rather remote, yet the other evidence in the case so clearly justified the verdict; and the attempted explanation of the defendant for having this amount of liquor on hand is so unsatisfactory that, even had this evidence been entirely eliminated, the jury could not have arrived at any other verdict; and we are not justified in disturbing the judgment.

The judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.