## STATE OF NORTH DAKOTA v. ROBERT STANLEY.

### (164 N. W. 702.)

**Crime of bootlegging — prosecution for — information — sufficiency of — — charging clause.**

1. In a prosecution for the so-called crime of bootlegging, under the provisions of § 10,144 of the Compiled Laws of 1913, an information is sufficiently definite which charges that the crime was committed in a barn on a certain block in a certain city and county, and the name of the owner of such barn is not necessary.

**Bootlegging — crime of — how committed — premises — owner of — permission of — licensee merely.**

2. Under § 10144, Compiled Laws of 1913, which provides that "the crime of bootlegging . . . is committed by any person who sells . . . intoxicating liquor . . . in the buildings of any person, . . . without the permission of the owner [or] of the person entitled to the possession of such . . . buildings," no such ownership or right of possession exists in one who merely has an agreement with a livery-stable keeper that he may keep a horse in a barn which may be rented out, and, in lieu of charging for the stabling and hay, the livery-stable owner may keep one half of the proceeds of such renting, the owner of such horse being *held* to be a licensee merely.

**Evidence — sufficiency of — jury — verdict.**

3. Evidence examined and *held* sufficient to justify a finding of the jury that there was an illegal sale.

**Court — instructions to jury — waiver of written — consent to oral — defendant asked if he so consented — in presence of jury — no error.**

4. Where no error has been committed in the instructions to the jury, no complaint can be made upon the ground that the defendant was suddenly asked at the close of the evidence, and in the presence of the jury, if he would waive written, and consent to the giving of oral, instructions.

**Bootlegging — prior sales — in same place — by same defendant — admissible — may show purpose — intent — and plan of defendant — treating.**

    5. Evidence of prior sales in the same place and of prior shipments may be admitted in a prosecution for the crime of bootlegging, in order to show purpose, intent, and plan, and when the defense is that the transaction was a joint purchase and treat, and not a sale.

Opinion filed June 28, 1917.   Rehearing denied October 13, 1917.

Prosecution for the crime of bootlegging.

Appeal from the District Court of Ramsey County, Honorable *C. W. Buttz,* Judge.

Judgment for plaintiff.

Defendant appeals.

Affirmed.

*M. H. Brennan,* for appellant.

The commitment was void because of no indorsement on the complaint by the magistrate, and defendant should have been released on habeas corpus.   State v. Rozum, 8 N. D. 548, 80 N. W. 480; Comp. Laws 1913, §§ 10,616, 11,375; Ex parte Branigan, 19 Cal. 138.

In a legal sense a person is drunk when he is visibly excited, or his judgment is impaired by liquor.   He is not, under such circumstances, capable of making a contract, and cannot be capable of understanding the matter of waiving an examination in a criminal action.   State v. Pierce, 65 Iowa, 85, 21 N. W. 195; 1 Whart. & S. Med. Jur. p. 13.

Where the charge of selling liquor is made in a certain city, it is insufficient if it does not state a definite place in that city at which the sale is claimed to have been made.   Arrington v. Com. 87 Va. 96, 10 L.R.A. 242, 12 S. E. 224.

Ownership of the building or property where the sale took place must be alleged and proved.   6 Cyc. 204; State v. Trapp, 17 S. C. 470, 43 Am. Rep. 614.

In this case the state should have pleaded and proved a partnership. 6 Cyc. 215; State v. Rivers, 68 Iowa, 611, 27 N. W. 781; Emmonds v. State, 87 Ala. 12, 6 So. 54; Davis v. State, 54 Ala. 88.

The owner of a building cannot be convicted of this crime merely because some person entered the building and began to sell liquor there. Knowledge and consent must be clearly shown.   State ex rel. Kelly

v. Nelson, 13 N. D. 125, 99 N. W. 1077; Merryfield v. Swift, 103 Iowa, 167, 72 N. W. 444; State v. Lawler, 85 Iowa, 564, 52 N. W. 490; Morgan v. Koestner, 83 Iowa, 134, 49 N. W. 80; State v. Severson, 88 Iowa, 714, 54 N. W. 347; State v. Price, 92 Iowa, 181, 60 N. W. 514.

The defendant, charged with selling to three persons jointly, cannot be convicted of an illegal sale to but one of the three named. State v. Williams, 20 S. D. 492, 107 N. W. 830; State v. Julius, 29 S. D. 638, 137 N. W. 590; State v. Gordon, 32 N. D. 31, 155 N. W. 59.

On the trial of a person accused of crime, proof of a distinct, independent offense is inadmissible. People v. Molineux, 168 N. Y. 264, 62 L.R.A. 193, 61 N. E. 286; State v. Miller, 20 N. D. 509, 128 N. W. 1034; State v. Fallon, 2 N. D. 510, 52 N. W. 318; Johnson v. State, — Tex. Crim. Rep. —, 62 S. W. 755; Freedman v. State, 37 Tex. Crim. Rep. 115, 38 S. W. 993; Walker v. State, 44 Tex. Crim. Rep. 546, 72 S. W. 861; State v. Dooley, 89 Iowa, 584, 57 N. W. 414; State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84, 16 Ann. Cas. 1133.

Intent will be inferred from the act. Consequently the extraneous incidents were all inadmissible on the pretext of showing intent, and such evidence will be presumed to be harmful. Rock v. State, — Ind. —, 110 N. E. 212; Hood v. State, 56 Ind. 275, 26 Am. Rep. 21, 2 Am. Crim. Rep. 165; Marmont v. State, 48 Ind. 31, 1 Am. Crim. Rep. 447; Porter v. State, 173 Ind. 703, 91 N. E. 340.

Where evidence of other offenses is offered, a complete case must be made out, that is, a crime must be shown. Baxter v. State, 91 Ohio St. 167, 110 N. E. 456; Baldwin v. State, 11 Okla. Crim. Rep. 228, 144 Pac. 634; People v. Plummer, 189 Mich. 415, 155 N. W. 533; Chipman v. People, 24 Colo. 520, 52 Pac. 677; State v. Fulwider, 28 S. D. 622, 134 N. W. 807; State v. Benson, 154 Iowa, 313, 134 N. W. 851; State v. Hakon, 21 N. D. 133, 129 N. W. 234; Elliott, Ev. § 156.

It is not sufficient to offer evidence of other crimes, even though remote intent may appear. State v. Foxton, 166 Iowa, 181, 52 L.R.A. (N.S.) 919, 147 N. W. 347, Ann. Cas. 1916E, 727.

The court erred in asking the parties immediately after argument if they would waive written instructions and consent to oral, especially

when in open court and in the presence of the jury. Forzen v. Hurd, 20 N. D. 42, 126 N. W. 225.

Defendant was entitled to an instruction requiring the state to apprise him of what transaction it relied on and requiring it to elect on which it proposed to stand. State v. Poull, 14 N. D. 557, 105 N. W. 717; State v. Boughner, 7 S. D. 103, 63 N. W. 542.

*William Langer,* Attorney General, and *Rollo F. Hunt,* State's Attorney, for respondent.

In appeal cases the court must give judgment without regard to technical errors or defects or exceptions, which do not affect the substantial rights of the parties. Comp. Laws 1913, § 11,013.

All the law requires in an information is that it shall contain a statement of the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person of common understanding to know what is intended. Comp. Laws 1913, chap. 8, Code Crim. Proc.; State v. Longstreth, 19 N. D. 268, 121 N. W. 1114, Ann. Cas. 1912D, 1317; State v. Lewis, 13 S. D. 166, 82 N. W. 406; State v. Hellekson, 13 S. D. 242, 83 N. W. 254; State v. Kent, 4 N. D. 577, 27 L.R.A. 686, 62 N. W. 631; State v. Burchard, 4 S. D. 548, 57 N. W. 491; Deadwood v. Allen, 8 S. D. 618, 67 N. W. 835.

It is not necessary to describe with particular accuracy the exact location where the offense of selling intoxicating liquors is committed. State v. Rozum, 8 N. D. 548, 80 N. W. 477; State v. Donaldson, 12 S. D. 259, 81 N. W. 299; State v. Cambron, 20 S. D. 282, 105 N. W. 241; Arrington v. Com. 87 Va. 96, 10 L.R.A. 242, 12 S. E. 224.

Bootlegging in a building consists in selling or bartering intoxicating liquors without the permission of the owner or person entitled to the possession of such building. The information clearly charges such offense. Comp. Laws 1913, § 10,144.

The question of making the information more definite and specific is a matter of discretion with the trial court. State v. Hakon, 21 N. D. 135, 129 N. W. 234.

The testimony discloses a complete sale of intoxicating liquor by defendant to the three persons named and at the time and place stated in the information, and defendant's efforts to evade consist of the most meager technicalities. State v. Dellaire, 4 N. D. 312, 60 N. W. 988; Nelson v. United States, 30 Fed. 112; McCuen v. State, 19 Ark. 630;

Hill v. Dalton, 72 Ga. 314; Parmenter v. United States, 6 Ind. Terr. 532, 98 So. 340; State v. Brooks, 33 Kan. 708, 7 Pac. 591, 6 Am. Crim. Rep. 299; State v. Whisner, 35 Kan. 271, 10 Pac. 852; Junction City v. Webb, 44 Kan. 71, 23 Pac. 1073; State v. Moseli, 49 Kan. 142, 30 Pac. 189; Lincoln Center v. Linker, 5 Kan. App. 242, 47 Pac. 174.

It is proper to offer evidence of independent offenses committed by defendant where they tend to disclose motive, intent, or system on the part of defendant. Jones, Ev. 2d ed. §§ 143, and 144; People v. Giddings, 159 Mich. 523, 124 N. W. 546, 18 Ann. Cas. 844; Pitner v. State, 37 Tex. Crim. Rep. 268, 39 S. W. 662; Walker v. State, 49 Tex. Crim. Rep. 345, 94 S. W. 230; Archer v. State, 45 Md. 33, 2 Am. Crim. Rep. 404; Com. v. Sinclair, 138 Mass. 493, 5 Am. Crim. Rep. 330; State v. Miller, 20 N. D. 509, 128 N. W. 1034; State v. Fallon, 2 N. D. 510, 52 N. W. 318; State v. Lapage, 57 N. H. 245, 24 Am. Rep. 69, 2 Am. Crim. Rep. 506; State v. Murphy, 17 N. D. 48, 17 L.R.A.(N.S.) 609, 115 N. W. 84, 16 Ann. Cas. 1133; People v. Molineux, 168 N. Y. 264, 62 L.R.A. 193, 61 N. E. 286; State v. Hakon, 21 N. D. 133, 129 N. W. 234.; State v. O'Brien, 35 Mont. 482, 90 Pac. 514, 10 Ann. Cas. 1006; State v. Peterson, 98 Minn. 210, 108 N. W. 6.

The statute does not require the court to give written instructions in all cases. Where the parties and counsel are all in court, and consent is asked by the court and given by counsel, oral instructions may be given. It is not a question of ethics or propriety. Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224; State v. Poull, 14 N. D. 557, 105 N. W. 717; State v. Boughner, 7 S. D. 103, 63 N. W. 542.

ROBINSON, J. In this case the defendant has been convicted of the crime of bootlegging, and he appeals to this court. The conviction is under Comp. Laws, § 10,144. The crime is committed by any person selling intoxicating liquors one or more times to one or more persons upon public roads, streets, or alleys, or upon lands and buildings of any person, without the permission of the owner of such land or buildings. The charge against the defendant is that on July 3, 1915, in Devils Lake, Ramsey county, he did sell to each of three certain persons intoxicating liquors as a beverage, in a frame barn of one Maher & Lock, and that he did it without the permission of the owners of

said barn. Clearly the information states an offense within the statute, and the evidence shows beyond all doubt that the defendant is guilty. It also shows that he got drunk, and contracted to sell a case of beer, and received the money without delivering the goods. Six dollars and fifty cents was paid to Stanley for a case of beer. He pocketed the money, as he himself admits, and failed to deliver the beer. He quarreled with the purchasers, and became aggressive, and struck one of them when requested to return the money or to deliver the beer.

Five express orders made to a wholesale liquor house in St. Paul were put in evidence in connection with testimony of the defendant himself and other witnesses. These make a conclusive showing that, during the month of June, defendant sent five orders to St. Paul for whisky, and every order was for 24 pints.

Defendant is a married man. He called as witnesses his wife and his son, a boy of seventeen years. He was a witness for himself and against himself. His own testimony strongly corroborates the positive testimony against him, though he positively denied selling any liquor, as charged against him.

The long record shows needless objections to nearly every question. It contains an assignment of numerous exceptions and errors, but the objections and exceptions merit no consideration when the information is clearly sufficient and when the evidence shows, as it does, the guilt of the defendant beyond a doubt. This statute is drastic, but its purpose is good. It was to put a stop to such a nefarious proceeding as disclosed by the evidence in this case. Judgment affirmed.

## On a Petition for a Rehearing.

BRUCE, Ch. J. A petition for a rehearing has been filed in which counsel for appellant maintains that errors have been made in the principal opinion in the statement of facts, and that some material points urged by him have not been passed upon.

He first complains that the opinion states that the charge against the defendant was that he sold liquor "in a frame barn of one Maher & Lock," when as a matter of fact the information stated that the "crime was committed in a certain frame barn situated in block No. 1 of Maher & Locke's addition to the city of Devils Lake."

Counsel is correct in this contention. We believe, however, it makes no difference. The block is specifically mentioned, and though counsel assumes that there may have been eight or ten barns in the block, and that the information was therefore indefinite, the record only discloses two,—the feed barn and the small barn in close proximity thereto, both of which were resorted to and involved in the illegal transaction. See State v. Donaldson, 12 S. D. 259, 81 N. W. 299.

Counsel also criticizes the statement in the opinion that the defendant got drunk and contracted to sell a case of beer, and *received money without delivering the goods.* This we concede to be immaterial, but its immateriality does not affect the results of the decision and the merits of the case.

Counsel also criticizes the remark in the opinion that "when the evidence leaves no doubt of the defendant's guilt, the court will not consider objections or exceptions." This, of course, goes too far. The defendant must, of course, be convicted according to due process of law and upon competent evidence. We will, however, we believe, hereafter show that no errors existed which were material or which prejudiced his rights; and we now come to the points which appellant contends the court overlooked or neglected to mention in its principal opinion.

It is first claimed that the opinion failed to consider the defendant's right to a discharge on habeas corpus. It is very clear to us, however, that this particular matter may not now be reviewed.

Counsel also contends that the court did not consider the question whether the defendant had previously had a preliminary examination. This question resolves itself into a determination whether such preliminary examination was waived or not. Appellant contends that he was drunk at the time, while the respondent contends that he was not. As all these matters, however, were fully gone into on two writs of habeas corpus, we do not feel called upon at this late day to go into the matter and to determine from the conflicting affidavits the various stages of intoxication which make acts binding or invalid; it being apparent that since that time the defendant has had ample opportunity to prepare for his trial, and the jury in the case at bar having found that the commitment was justified.

Should a new trial be granted because the testimony of the witnesses

J. A. Moran and William Moran and Charles Kaufman and A. Dick, and the exhibits known as the express money orders, were inadmissible? Should the defendant have been acquitted on the ground that the evidence showed that he was an occupant of, and had the right to the possession of, the premises where the liquor was sold, if sold at all, and he was therefore technically not guilty of the crime of bootlegging, and also because there is no proof of any sale being made by him? Should a new trial be granted on account of the fact that the clerk's minutes stated that an oral charge was consented to when "after so long a case so bitterly contested it was not in accordance with the law to spring upon the attorneys just after a heated argument the question whether they consented to an oral charge?"

And first as to the oral charge. We have no fault whatever to find with the language of this court in the case of Forzen v. Hurd, 20 N. D. 42, 126 N. W. 225, wherein it said: "It is apparent that this exception [in the case of a consent] was not intended to abrogate the rule requiring that instructions be in writing, but was enacted for the purpose of permitting the giving of an oral instruction in an exceptional class of cases, usually of small importance, in which both parties have voluntarily consented that this may be done. The contemplation of the statute is evidently that this consent shall be volunteered by the party, or, at least, that, if requested by the court, the request should be made at a time when there is still abundant opportunity for the court to prepare its instructions in case such consent is refused by either party, without interfering with the progress of the trial. . . . A proper respect for the rights of litigants would seem to dictate that such request should not be made in the presence of the jury, or in such manner that either party, if he sees fit to refuse assent, will suffer prejudice in the minds of the jury on account of resulting delay."

It is clear, however, that under the numerous decisions of this court this reasoning can only apply where error has been committed in the instructions, and we are satisfied that no such defect exists in the charge which is before us.

But should the jury have been advised to return a verdict for the defendant on the ground that the crime charged was the crime usually known as "bootlegging," and that the evidence showed that he was

an occupant of and had the right to the possession of the premises where the liquor was alleged to have been sold?

We think not. It is true that the crime of "bootlegging" cannot ordinarily be committed on one's own property, and that the statute provides that "the crime of bootlegging . . . is committed by any person who sells or barters . . . one or more times [any intoxicating liquor] to one or more persons . . . in the buildings of any person . . . without the permission of the owner [or] of the person entitled to the possession of such . . . buildings." See § 10,144, Comp. Laws 1913.

We think, however, that the ownership in another, and lack of permission, was sufficiently alleged by the paragraph of the information which charged that "the said barn *not then* and there *being the property of the said* defendant, Robert L. Stanley, and he, the said Robert L. Stanley, not then and there having permission of the owner thereof or the person entitled to the possession thereof to sell and barter intoxicating liquors thereon."

We also are of the opinion that the only proof as to ownership or right of possession of the said defendant was the fact or alleged fact that he had a team in the barn, which was being used as a livery team under an agreement with the owner of the premises that the latter was to have one half of the earnings of such team in lieu of the regular charges for stable room and hay. It is clear to us indeed, that the said defendant was in no sense the owner of or entitled to the possession of the building, but was a licensee merely.

We think, too, that there was sufficient evidence from which the jury might properly find that an illegal sale had been made.

Uriens testified that he and the two Brissler boys met the defendant at 4 o'clock; that one Fursteneau pointed out Stanley to them; that he and the Brissler boys made up a purse of $6 to get a case of beer; that Fursteneau wanted to chip in and get a quart of whisky; that they raised $2; that they gave it to Fursteneau; that Fursteneau went straight to the barn; that Stanley was standing in front of the barn; that they walked inside; that Fursteneau came back with a quart of whisky; that later on he, Fursteneau, and the two boys, went to the barn and there saw Stanley and the fellow who was running the barn; that they got some more whisky from Stanley at the barn; that they were upstairs.

Q. Did you see any more gotten in your presence of Stanley?

A. Yes, sir. We were upstairs. Stanley went down and got a quart of whisky, and came up and said he would stand one half, and Walter Brissler gave him a dollar for the other half, and we drank that. I saw Stanley give Bob the whisky. I saw Bob give Stanley the dollar. Stanley brought the whisky up from downstairs. We didn't get the beer that we chipped in for. The money was given to Stanley. Louie Fursteneau gave him the money, and he took it, and put it in his pocket, and took a roan mare and rode off down town and came back, and we asked him how he made it, and he said "all right, coming up."

Q. Did it ever come?

A. No, sir. We got ready to go home, and I told the Fursteneau boy it was getting late, and I says, "We want our beer or our money," and he says, "I will go and get it," and he says, "We want the liquor or our money." He says he didn't have our money, and he called him a liar, and Stanley struck him.

Q. Did you take part in any dice game there that day?

A. I think I did upstairs. Walter Brissler, Arthur Brissler, myself, and several others were in the party. They shook for a bottle of whisky. I was high and went out. Stanley was the last man who got stuck. He went down and got a quart. He was gone just a short bit. When Stanley came up Brissler gave Bob a dollar. Bob got stuck for the drinks. He got stuck for the pint. I think Bob said somebody would have to come across for the other pint, and Walter throwed him a dollar. When Stanley came back he had a quart bottle, and he said someone would have to come across for the other pint, and Walter took out a dollar and gave it to him.

Other witnesses testify to the same effect, and this, to our minds, in conjunction with the testimony of the witness Christenson, of a sale to him at the same place on the day preceding, and the records of the express office showing that, during the sixty days preceding the offense, the defendant secured extensive shipments of liquor, was sufficient to sustain the verdict of the jury.

We are also of the opinion that evidence of this prior sale and of these shipments was admissible as tending to show a motive or intent and system and a plan. 15 R. C. L. 398; Matkins v. State, — Tex.

Crim. Rep. —, 58 S. W. 108; State v. O'Brien, 35 Mont. 482, 90 Pac. 514, 10 Ann. Cas. 1006; People v. Giddings, 159 Mich. 523, 124 N. W. 546, and note to 18 Ann. Cas. 844, 846.

We are therefore of the opinion that the petition for a rehearing should be denied, and it is so ordered.