### HALL v. STATE OF INDIANA.

[No. 24,181.   Filed June 8, 1923.]

1. CRIMINAL LAW.—*Evidence.*—In determining, on appeal, the question of whether or not the evidence is sufficient to support the verdict, only the evidence which is most favorable to the verdict will be considered, together with the inferences and conclusions that may reasonably be drawn therefrom.   p. 358.

2. INTOXICATING LIQUORS.—*Offenses.*—*Evidence.*—In a prosecution for keeping intoxicating liquor with intent to dispose of the same, evidence that disclosed in defendant's residence a large tank in the cellar, several barrels and five-gallon jugs, the former with dregs of mash therein, a sack of corks, sacks of cracked corn and rye meal, several stoves and burners therefor, tools, soldering iron, coils, charcoal, and bottles of whisky, all carefully protected by padlocks, is sufficient to sustain the charge.   p. 358.

From Hancock Circuit Court; *Jonas P. Walker*, Judge.

Adrian Hall was charged by affidavit with a violation of the prohibition law. From a judgment of conviction he appeals. *Affirmed.*

*Arthur C. VanDuyn,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, J.—From a judgment upon a verdict of guilty of the charge of unlawfully possessing and keeping intoxicating liquor, to wit, two quarts of corn and rye whisky commonly known as "white mule," with intent to barter, exchange, give away, furnish and otherwise dispose of the same, etc., appellant appeals and claims error by the action of the court in overruling his motion for a new trial, because the evidence is insufficient to sustain the verdict, and the verdict is contrary to law.

Appellant lived alone about forty rods back from the highway in a small dwelling or cabin, which was surrounded by weeds and brush, some growing corn and orchard trees, and had been so living there for a period of about two years. The premises so occupied did not belong to him. The day of the arrest the sheriff of the county, together with two other officers, went to appellant's residence about four o'clock in the afternoon for the purpose of searching the premises for intoxicating liquors and a still, under the authority of a search warrant. One of the officers informed the appellant of the purpose of the visit, and that they intended to search the premises, to which he objected and demanded to see the papers authorizing them to make the search, which papers were delivered to and read by him. The search was made and revealed a large tank in the cellar, together with several barrels, and also several five-gallon jugs, with a sack of corks. Several sacks of

cracked corn were found on the first floor, and several sacks of rye meal were found in the front room upstairs.

As the officers were about to go to the second story of the house they found the stair door locked, and appellant told the officers that they could not go upstairs. Previous to this appellant had appeared with a revolver, and, preceding his statement with some oaths, said, that no one would be allowed to search these premises, and later said that nobody would be permitted to go to the basement or upstairs, and appellant had the gun with him upstairs and all the time he had followed the officers through the rooms of the house. In the conversation that followed appellant was persuaded to unlock the door, and the officers went upstairs and found the rye meal, a work bench, and several burners for oil or gasoline stoves, together with a lot of tools, soldering iron, and miscellaneous things that went with it. Some coils, upon which appellant had that day been working, were also found in this upstairs room, but were not connected with any boiler or kettle that could be used for boiling mash. There were four stoves in the house, one a cook stove which had fire in it in one room, and a heating stove in another, in which one of the bottles of whisky was found, besides two coal-oil stoves. A quantity of charcoal was also found in the upstairs room. The barrels found in the basement had what looked like corn mash around the inside of them, and in the bottom some mash and the dregs which had not been washed out. In the search some whisky was found in a glass container secreted in the stove in the front room, and also some whisky in a glass jug or bottle in the front room. A gate at the highway and private roadway leading to the house was padlocked. In going to the house from the highway, the officers left the automobile in the highway and proceeded down

the private roadway to the house. Before reaching the house they discovered two men approaching the house from another direction, and hid behind some objects until these men came up, at which time the officers appeared and engaged in conversation with them before going in and searching the house. The habitation of appellant was not far from a creek, to which he was in the habit of going to fish, as were many other people.

The foregoing narration of the evidence is that which is most favorable to the prevailing party, the appellee.

1. Under the error claimed, that the evidence is not sufficient to sustain the verdict, only the evidence will be considered which is most favorable to the verdict, together with the inferences and conclusions that may be reasonably drawn therefrom; and for the purpose of this appeal this court will not consider any contradictory evidence which, by so doing, would be in the nature of weighing the same. *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115; *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582.

2. From the facts that it was found that appellant had in his possession several barrels, in the bottoms of which some dregs of mash were found, and to the sides of which dried mash was still clinging, and several bags containing cracked corn and ground rye, with a bag of corks, oil stoves, jugs, and a large tank, together with a coil sufficient for use upon a still, and two bottles containing whisky, the direct proof, together with the facts which may be inferred, was sufficient to warrant the jury to find a verdict of guilty. The verdict is supported by sufficient evidence and is not contrary to law.

Judgment affirmed.

Townsend, J., absent.