TUTSBREE *v.* STATE OF INDIANA.

[No. 24,558.   Filed November 13, 1924.   Rehearing denied January 27, 1925.]

1. CRIMINAL LAW.—*Appeal.*—*Review.*—In passing upon a motion for new trial on the ground of the insufficiency of the evidence to sustain the verdict, the appellate court will accept as true the evidence and the inferences reasonably drawn therefrom that tend to support the verdict, and reject as untrue all evidence and inferences to the contrary.   p. 583.

2. INTOXICATING LIQUORS.—*Offenses of Manufacturing and Keeping, for Sale.*—*Evidence.*—Evidence that when officers, with a search warrant, entered an old shack having two rooms, they found defendant, and a woman and a man at a table on which was a bottle of intoxicating liquor; that two stills were in operation making whisky, one in each room; that large quantities of mash and whisky were found in the cellar; that after arrest defendant changed to another suit of clothes hanging in the house; that there was a bed in the house; that one of the other men said in defendant's presence that a third man did not belong there but to a camp down the river, while nothing was said as to defendant not belonging there, is sufficient evidence to prove the manufacture of liquor by defendant and that he intended to sell and dispose of the same, if the jury were convinced that he had it in his possession. pp. 583, 585.

3. CRIMINAL LAW.—*Evidence.*—*Other Offenses.*—In a prosecution for three violations of the prohibition law, one count being possession of liquor with intent to sell, evidence that defendant had recently been convicted of selling intoxicating liquor, is competent on the question of the intent with which he had possession of a partly filled bottle at a table at which he was seated with a visitor. p. 584.

From Cass Circuit Court; *Paul M. Souder,* Judge.

Oliver Tutsbree was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*Rabb, Mahoney & Fansler,* for appellant.

*U. S. Lesh,* Attorney-General, and *Owen S. Boling,* for the State.

EWBANK, J.—Appellant was tried upon an issue joined by his plea of not guilty to an affidavit of three counts. The first count charged that he unlawfully manufactured intoxicating liquor, the second charged that he unlawfully possessed a certain still, and the third that on December 13, 1922, he had in his possession intoxicating liquor with intent to sell, barter, exchange, give away, furnish and otherwise dispose of the same to persons unknown within this state. The jury returned a verdict finding him guilty on the first and third counts, and imposed a fine and imprisonment

for each offense.   Overruling the motion for a new trial is the only error assigned, under which appellant complains that the verdict is not sustained by sufficient evidence and is contrary to law.

In passing on such a motion we must accept as true the evidence and the inferences which reasonably may be drawn from the evidence, that tend to sustain

1. the verdict, and reject as untrue all evidence and inferences to the contrary.   *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582; *Hall* v. *State* (1923), 193 Ind. 355, 139 N. E. 588; *Jackson* v. *State* (1924), 194 Ind. 561, 143 N. E. 625.

There was evidence that on the day the offenses were alleged to have been committed certain police officers, certain federal prohibition officers and the sher-

2. iff, with a search warrant, went into a house having two rooms and only two windows, which a witness referred to as an "old shack," that stood down by the river four miles from Logansport, near a quarry, and in the first room they entered found appellant beside a table, with a man from a fishing camp not far away and a woman also at the table, and a bottle nearly full of intoxicating liquor upon it; that appellant sprang to his feet as the officers entered; that in the room where he was a still was in operation with a fire under it, and fifteen or twenty feet away through an open door in the other room, another still was also in operation, both making whisky; that appellant had on a suit of old clothes, and after his arrest changed them for a fairly good suit of clothes that he had there in the house; that twenty-one barrels of "mash" consisting of ground corn, sugar and yeast were found in the cellar, each barrel holding fifty gallons, and fifteen or eighteen gallons of intoxicating liquor was found on the premises, including the bottle on the table, that was almost full; and after saying to the arresting officer that he

would like to have a drink, and being given permission, appellant drank from the bottle; that one Wilkins, who was also in the house when the officers entered, jumped out of the window from the other room, but was overtaken and brought back, when he said in the presence of appellant that a third man also found there did not belong there, but had a camp down the river; but nothing was said as to appellant not belonging there, or only being there to fish. There was only one bed in the house, but appellant testified that he had slept on the floor the night before. There was a Ford automobile in the yard, but appellant told the officers it was not running, that he could not get it started. Appellant had been convicted in the city court of Logansport on the charge of selling intoxicating liquor five months before.

The evidence that appellant recently in the past had been convicted of selling intoxicating liquor in violation of law might be taken into consideration on the 3. question of the intent with which he had possession of the partly filled bottle of whisky on the table at which he was found with the visitor from a fishing camp. *Levy* v. *State* (1916), 12 Okla. Cr. App. 441, 158 Pac. 288; *Urban* v. *Commonwealth* (1922), 196 Ky. 775, 245 S. W. 852; *State* v. *Horowich* (1922), 121 Me. 210, 116 Atl. 266; *State* v. *O'Toole* (1919), 118 Me. 314, 108 Atl. 99; *State* v. *Hessel* (1920), 112 Wash. 53, 191 Pac. 637; *State* v. *Stanley* (1917), 38 N. D. 311, 164 N. W. 702.

Where the criminality of an act done by the defendant depends upon the intent with which it was done, so that his intent to commit a certain kind of public offense, as charged, is directly in issue, the fact that he has committed offenses of that character recently in the past is competent evidence to prove his intent at the time in question. *Crum* v. *State* (1897), 148 Ind. 401,

412, 47 N. E. 833; *Higgins* v. *State* (1901), 157 Ind. 57, 60, 60 N. E. 685; *Eacock* v. *State* (1907); 169 Ind. 488, 492, 82 N. E. 1039.

Since the evidence proved without dispute that in the house where appellant and his companion were arrested were found fifteen or eighteen gallons of white mule whisky, twenty-one barrels of "mash" and two stills in operation, making whisky, the jury had sufficient basis for an inference that he intended to sell and dispose of the whisky in violation of law, if convinced that he had it in his possession.

The evidence was sufficient to prove appellant's guilt, and his motion for a new trial was properly overruled.

The judgment is affirmed.

Willoughby, J., absent.