WINTER ET AL. *v.* STATE OF INDIANA.

[No. 24,687. Filed December 9, 1924. Rehearing denied March 10, 1925.]

1. CRIMINAL LAW.—*Appeal.*—*Review.*—*Sufficiency of Evidence.* —In determining whether or not a verdict or finding is sustained by sufficient evidence or is contrary to law, the reviewing court will accept as true all evidence and inferences reasonably to be drawn therefrom that tend to support the verdict, and reject as untrue all evidence and inferences to the contrary. p. 667.

2. INTOXICATING LIQUORS.—*Transportation.*—*Sufficiency of Evidence.*—Evidence that two defendants, when driving by a place where an empty. car belonging to one of them was standing which the sheriff was at the time examining, immediately speeded up their car, and when followed by the sheriff increased to a still greater speed, and threw out of their car in succession three sacks each containing a 5-gallon jug which broke and splashed and gave out the smell of white mule whisky, and that some of the liquid was salvaged and was found to be whisky, is sufficient to sustain a verdict of guilty of transportation even though no liquor was found in the car when finally overtaken. p. 667.

3. CRIMINAL LAW.—*Trial.*—*Reception of Evidence.*—*Necessity, of Objection.*—Where evidence that has probative force which is competent and admissible except for some collateral fact, was admitted without objection, it is before the court for all purposes, and the right to challenge its admissibility will be deemed waived by the failure to object. p. 668.

From Marion Criminal Court (55,373) ; *James A. Collins,* Judge.

William Winter and John Farricane were convicted of transporting intoxicating liquor, and they appeal. *Affirmed.*

*Holmes & McCallister,* for appellants.

*U. S. Lesh,* Attorney-General, *Arnet B. Cronk* and *Carl Wilde,* for the State.

EWBANK, J.—Appellants were indicted on the charge that on September 21, 1923, they unlawfully, knowingly and feloniously transported intoxicating liquor in an automobile in Marion county, State of Indiana. Being found guilty, each separately moved for a new trial for the alleged reasons that the finding is not sustained by sufficient evidence and is contrary to law, and the action of the court in overruling that motion is the only error assigned. It does not appear that an objection was offered to any evidence introduced, or that any steps were taken to suppress or prevent the introduction of any of it. There was evidence to the following

effect; that the sheriff had information that Twenty-first street, just east of Ritter avenue, was "the trading point," and that there was intoxicating liquor in a car that would be there, and finding an empty car parked at the side of the street after 10 o'clock at night he stopped the car in which he was riding to investigate; that the empty car belonged to appellant Farricane, and while the sheriff and his deputies were looking at it another car driven by appellant Winter, with Mrs. Winter sitting beside him and Farricane standing on the running board, was driven west at about eighteen miles an hour along Twenty-first street, past the place where they were stopped; that as it passed the sheriff's car one of his deputies said, "there goes whisky," and immediately after having passed, it increased its speed, and the sheriff called to the driver of his car to get it started, and followed; that after running five or six city squares appellant Farricane threw out of the car that appellant Winter was driving a sack containing a jug of white mule whisky which broke on the pavement, so that pieces of the jug rolled out, and 300 feet farther on he threw out another sack containing a jug, which broke as it fell and splashed the contents up on the windshield of the sheriff's automobile; that 300 feet farther on he threw out a third jug which also broke; that each of these jugs was a five gallon jug, and each fell on the pavement and broke, and threw up a spray that the sheriff could see, and gave off an odor of white mule whisky; that the speed of the car driven by appellant Winter in which appellant Farricane was riding was increased to fifty-five miles an hour, and kept ahead of the sheriff's car for a mile and a half or more, when it was overtaken, the sheriff running at sixty miles an hour for that purpose; that the sheriff's car was equipped with three spot lights that would illuminate the road a quarter of a mile ahead, in addition to the

two headlights, and appellants were plainly seen by him during all of the chase; that pieces of the jugs and a quantity of the white mule whisky were picked up from where they had been thrown by appellant Farricane in tossing them out of the automobile which appellant Winter was driving and were introduced in evidence without objection, counsel for the defendants (appellants) saying, "No objection," and joining with counsel for the state in a stipulation then made in open court that they should not be embraced in the transcript in case of an appeal; that when the car in which appellants were riding was overtaken and stopped Mrs. Winter said in the presence of both the appellants that they had come and pulled her out of bed and she had no shoes on—had pulled her out of bed to go and get this whisky—to go on this trip; that she did not know where they were going, they just pulled her out of bed; she was barefoot at the time; that Farricane and Winter (appellants) said it was not their whisky, but would not talk at all on the subject of the whisky being thrown out of the automobile, and neither would Mrs. Winter; that there was no intoxicating liquor in the car Winter was driving when it was finally stopped, and none was found in Farricane's car that was parked on Twenty-first street; that the white mule whisky produced in court at the trial was part of what Farricane threw out of the car that Winter was driving, and was gathered up after the jugs had broken.

The established rule in this court, in determining whether or not a verdict or finding is sustained by sufficient evidence or is contrary to law, is to accept as true all evidence and inferences reasonably to be drawn therefrom that tend to support the verdict, and to reject as untrue all evidence and inferences to the contrary. *Hall* v. *State* (1923), 193 Ind. 355, 139 N. E. 588; *Tutsbree* v. *State* (1924),

*ante* 581.   Applying this rule, we hold that no available error was committed in overruling the motion for a new trial.

Counsel point to certain evidence of misconduct on the part of the sheriff which they insist was cause for rejecting some of the evidence that they say was wrongfully obtained, and ask the court to refuse to consider it in passing on the questions here presented. But there was no motion to suppress this evidence, and, as we have seen, it was admitted without objection. And

3. the rule is elementary that where evidence that has probative force and would be competent and admissible except for some collateral fact, such as the fact that it was obtained by improper means, was admitted without objection, it is before the court for all purposes, and the right to challenge its admissibility because of the manner in which it was obtained will be deemed waived by the failure to object. And after the cause has been decided by the trial court without any question as to the admissibility of such evidence being raised or ruled on, and the evidence has gone to the jury and has been considered by them without objection, the mere fact that some grounds for objecting to it may have been disclosed by the testimony cannot be taken advantage of on appeal by challenging the sufficiency of the evidence.

Therefore, it is not necessary to consider and we do not decide whether or not the acts of the sheriff complained of would have made it necessary to reject any of the evidence introduced if objection had been duly made at the proper time.

But, see *Brady* v. *United States* (1924), 300 Fed. 540, 45 Sup. Ct. 99.

The judgment is affirmed.

Myers, J., absent.