BURNETT *v.* STATE OF INDIANA.

[No. 24,961.    Filed November 17, 1925.]

1. INTOXICATING LIQUORS.—*Possession of intoxicating liquor with intent to sell was not criminal offense February 1, 1925.*— On February 1, 1925, the possession of intoxicating liquor was not a criminal offense even when the possession was with intent to sell. p. 682.

2. INTOXICATING LIQUORS.—*Evidence held insufficient to show possession, sale, exchange, giving away or otherwise disposing of intoxicating liquor.*—Evidence *held* insufficient to show that defendant possessed, transported, sold, exchanged, gave away, or otherwise disposed of intoxicating liquor. p. 682.

From Marion Criminal Court (58,372) ; *L. Ert Slack,* Special Judge.

Lawrence Burnett was convicted of a violation of the prohibition law, and he appeals.    *Reversed*

*Asche & Spaan,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *George J. Muller,* for the State.

TRAVIS, J.—The sufficiency of the evidence to support the finding of guilty by the court is the only error presented for decision.

The indictment charged that on or about February 1, 1925, in Marion county, Indiana, the appellant did unlawfully manufacture, possess, transport, sell, barter, exchange, give away, furnish and otherwise dispose of intoxicating liquor to persons unknown.   At the conclusion of the evidence by appellee, and after the motion for the discharge of appellant for the reason that there was no evidence that he transported intoxicating liquor for unlawful purposes had been overruled, and after appellant had rested his case without having introduced any evidence, the court made its finding that appellant was guilty.

There was no evidence introduced by the state that appellant manufactured, possessed, transported, sold, exchanged, gave away, furnished, or otherwise disposed of intoxicating liquor to any person.

The testimony given by the sheriff of Marion county and his deputy was that they secreted themselves in a garage which was located on an alley in the city of Indianapolis, between five and six o'clock in the evening of February 1, 1925, and that after waiting about thirty minutes, appellant and one Wolfa drove up in a big touring automobile and stopped opposite where the sheriff and his deputy were hiding.   Ap-

pellant and Wolfa alighted and one of them unlocked the padlocked door of the garage on the opposite side of the alley from where the officers were, and both appellant and Wolfa entered. The officers rushed out and followed appellant and Wolfa into the garage they entered, and then saw Wolfa carrying a five-gallon can of alcohol in each hand, both of which he immediately placed on the floor, and appellant was standing behind a heater in the garage. Behind the heating plant were twenty-four five-gallon cans of alcohol. The officers arrested appellant and Wolfa five minutes after entering the garage. If the inference would follow from this evidence that appellant possessed the alcohol, such would not be an offense under the statute, which is admitted by the brief of appellee. *Hubbard* v. *State* (1925), *ante* 137, 147 N. E. 323; *Crabbs* v. *State* (1923), 193 Ind. 248, 139 N. E. 180. Even if the inference might be extended beyond possession, to possession with the intent to dispose of it by sale, gift, barter, or otherwise, it was not an infraction of the law. This case is prosecuted under §1, ch. 23 of General Laws of 1923. It has been decided by this court that this law did not make it an offense to keep intoxicating liquor with the intent to sell or otherwise dispose of the same, nor to keep or to possess intoxicating liquor. *Smith* v. *State* (1924), 194 Ind. 686, 144 N. E. 471.

It is therefore held that the evidence was insufficient to prove any crime charged. The finding of guilty is contrary to law. The judgment is therefore reversed, and a new trial ordered.