## WOLFA *v.* STATE OF INDIANA.

[No. 24,962. Filed January 14, 1926.]

CRIMINAL LAW.—*In determining sufficiency of evidence to sustain conviction, only evidence favorable to state will be considered.*—In determining the sufficiency of the evidence to sustain a conviction, an appellate tribunal will consider only the evidence most favorable to the state and the inferences that may be reasonably drawn therefrom.

From Marion Criminal Court (55,383) ; *L. Ert Slack,* Special Judge.

Frank Wolfa was convicted of violating the Prohibition Law by manufacturing, selling, etc., intoxicating liquor, and he appeals.    *Reversed.*

*Asche & Spaan,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Anthony J. Klee,* for the State.

WILLOUGHBY, J.—The appellant was indicted by the grand jury of Marion county, Indiana.   The indictment charged that on or about February 1, 1925, in the county of Marion, State of Indiana, the appellant did then and there unlawfully, manufacture, possess, transport, sell, barter, exchange, give away, furnish and otherwise dispose of intoxicating liquor to persons to the grand jurors unknown.   The appellant was arraigned and entered a plea of not guilty and was tried by the court without a jury.   From the judgment upon a finding of guilty, the appellant appeals and assigns as error that the court erred in overruling his motion for a new trial.

The only question raised by the motion for a new trial is the sufficiency of the evidence to sustain the finding of the court.   In determining whether the evidence is sufficient to sustain a finding the court on appeal will consider only the evidence most favorable to the prevailing party, together with the inferences and conclusions to be drawn therefrom. *Lee* v. *State* (1921), 191 Ind. 515; *Tutsbree* v. *State* (1924), 195 Ind. 581, 145 N. E. 490; *Hall* v. *State* (1923), 193 Ind. 355; *Winter* v. *State* (1924), 195 Ind. 664, 145 N. E. 567.

This prosecution is brought under §1, ch. 23, Acts 1923 p. 70.

From the records of this court, it appears that in *Burnett* v. *State* (1925), 196 Ind. 681, 149 N. E. 440, the facts were the same as in the case at bar and it further appears that the questions of law raised by the

record in this case are all considered and decided and decided by this court in *Burnett* v. *State, supra.*

On the authority of that decision, the judgment in this case is reversed, with instructions to sustain appellant's motion for a new trial.