LYONS ET AL. *v.* GREENE, ADMINISTRATOR, ETC.

[No. 19,690.    Filed November 19, 1964.]

*Seal & Seal,* of Washington and *Hugh McNamee* of Cleveland, Ohio, for appellants.

*George M. Weaver, Hastings & Allen, Philip D. Waller,* all of Washington, *Gray & Waddle* and *Carl M. Gray,* of Petersburg, for appellee.

CARSON, J.—This is an appeal from the Daviess Circuit Court, Daviess County. The appellant exceptor, administratrix to the estate of decedent in Ohio and the sole and only heir at law filed exceptions and objections

below to the Indiana administrator-appellee's final report. The issues were formed by the administrator's final report and the exceptions filed thereto charging in substance that the Indiana administrator expended funds wrongfully and illegally in continuing the business of the deceased in Indiana and in paying funds to himself from the estate, as special administrator to the estate; as administrator to the estate; that proper notice was not given to continue the business of the decedent in Indiana; that continuation of said business was wasteful, detrimental and depletive; that fees paid to the administrator and to the attorneys to the estate were unwarranted, excessive and unlawful and that the items of expense objected to by the appellants were wasteful, detrimental and unlawful. The court found against the exceptors and overruled and denied the exceptions and objections filed to the final report, approved the final report and entered judgment in favor of the appellee.

The appellants filed a motion for new trial specifying 31 errors which when summarized presented the following questions for our consideration: first, that the decision of the court was not sustained by sufficient evidence; second, that the decision of the court is contrary to law; third, which comprises the balance of the specifications, that the court erred in admitting into evidence over the objection of the appellant certain evidence offered by the appellee. In the argument portion of the appellant's brief he follows substantially the order set out in his motion for new trial. We note, however, that he failed to argue several of the propositions and such failure thereby constitutes a waiver of such points. We shall follow the order of the appellant's brief in considering the errors argued.

The only error assigned is the overruling of the appellant exceptor's motion for new trial. From the record it appears that the facts, concisely stated, are as follows: the decedent Frank Lyons, a resident of Starr County, Ohio, died on May 24, 1955, leaving Evelyn H. Lyons, his widow, as sole and only heir at law. After decedent's death, the appellee was asked by the appellant to continue running the Indiana property as he had done in the past. Decedent in his will, which was offered for probate in Ohio, and which will was the subject of a will contest action, gave power and authority to his trustees to continue his business operations as long as the trustees deemed it advisable. Evelyn H. Lyons, appellant was appointed special administratrix in the State of Ohio and continued as such until October 15, 1958. On August 23, 1955, at the request of the appellant, appellee filed for and was appointed, as administrator of decedent's estate in Indiana and also filed, at the request of appellant, a petition to continue the business of decedent in Indiana, which petition was granted. While serving in their separate capacities as administrators of the decedent's estate, the appellant requested appellee to pay the current operating expenses of property situated in Illinois and a part of decedent's estate. In January, 1956, appellant requested appellee to bring the necessary equipment and employees of the Indiana estate to Ohio to repair and salvage oil wells belonging to the Ohio estate. During the time appellee served as administrator to the Indiana estate he received a salary as such administrator and incorporated the services of an attorney who served as accountant and legal counsel of the Indiana estate.

While the appellant in her assignment of error summarizes and attempts to cover the specifications of her motion for a new trial, her argument is addressed to the

proposition that the court erred in overruling appellant's motion for a new trial. In her argument the appellant urges causes 1, 2, 3, 5, 6, 16, 17, 19, 23, 26 and 28. Her failure to support the other propositions by cogent argument and citation of authorities constitutes a waiver.

Cause number 1 that the decision of the court is not sustained by sufficient evidence, presents for this court the sole duty of determining whether or not the court's decision is supported by substantial competent evidence or any reasonable and permissible inferences to be drawn therefrom. *Pelkey, Admx., etc.* v. *Strom* (1963), 135 Ind. App. 163, 187 N. E. 2d 753; *Wolfa* v. *State* (1926), 197 Ind. 204, 150 N. E. 98; *Winter* v. *State* (1925), 195 Ind. 664, 145 N. E. 567. Appellant argues that appellee administrator in Indiana was under a duty to pay the debts and taxes of the Indiana estate and dispose of the assets thereof, and that no right nor need existed for the continuing of the business, and as a result of its continuation the estate in Indiana suffered needless and enormous loss. The evidence shows that the actions of the appellee were at the request of the appellant. It has long been a rule of this Court and the Supreme Court of Indiana that where one, as a result of his own acts, omissions or agreements, or the acts of his agents or privies, encourages action or induces a course of conduct on the part of another he is estopped from making objection thereto. *Pohlmeyer* v. *Second Nat. Bank of Richmond* (1948), 118 Ind. App. 651, 81 N. E. 2d 709; 13 I. L. E. Objections and Exceptions §302.

In the case of *Gibson* v. *Gibson* (1952), 122 Ind. App. 559, 568, 106 N. E. 2d 102, this Court said:

"Where a beneficiary under the terms of a will, being of full age and suffering no disability, with

knowledge of his rights, acquiesces in a course of conduct by the executrix which he knows is not authorized by the will and accepts the benefit thereof, he is estopped thereafter to question the propriety of such conduct."

The appellant also argues that there is not sufficient evidence to sustain the court's decision in regard to paying appellee-administrator a weekly salary and administrator's fees, nor in expending funds of the Indiana estate in foreign states, and paying himself and his employees a bonus. The appellant is estopped from making objections to the expenditures by the appellee as a result of her own actions. This Court has stated that:

"It is a general rule that silence and acquiescence, when good faith requires a person to speak or act, are, in the matter of estoppel, equivalent to express affirmation."

*Bahar et al.* v. *Tadros, etc. et al.* (1953), 123 Ind. App. 570, 112 N. E. 2d 754. It is apparent from the record that there is sufficient evidence to justify approval by the trial court of the fees paid and salaries paid to the appellee-administrator and his attorney.

Cause number 2 that the decision of the court is contrary to law, presents to us the responsibility of determining whether or not, considering the evidence most favorable to the appellee, and all reasonable inferences to be drawn therefrom, reasonable men could not have arrived at the same decision. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669. Under this assignment appellant argues that the expenditures by the appellee, to himself, of funds of the estate are contrary to law, unjust and unreasonable. The applicable statute in regard to the compensa-

tion of personal representatives in an estate is §7-413, Burns' 1953 Replacement which reads in part:

> "The personal representative, when no compensation is provided in the will, or when he renounces all claim to the compensation provided in the will, shall be allowed such compensation for his services as the court shall deem just and reasonable."

We have previously held that we will not distrub the decision of the lower court approving fees for the executor and its attorneys where the evidence does not substantiate the charge of maladministration nor disclose that the fees were excessive or unreasonable. *Pohlmeyer* v. *Second Nat. Bank of Richmond, supra.* No evidence was offered by appellant as to the value of the administrator's services nor substantiating appellant's charge of maladministration on the part of the appellee.

In point 2 of appellant's argument under cause number 2 appellant urges that the trial court was unjustified in approving the expenditure of funds of the Indiana estate, in the states of Illinois and Ohio. The appellant fails to state any cases to support this argument and fails to show a cogent relationship between the authority cited under this point and the argument urged. Failure to cogently argue one's point and to cite authorities in support thereof constitutes a waiver of that point under Supreme Court rule 2-17(e). *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134.

Appellant in points 3 and 4 under cause number 2, argues that the court's decision is contrary to law in approving the continuation of the business of the deceased in Indiana when there were ample funds in the Indiana estate to pay any debts owed by the estate and

also in its failure to give any notice to the interested parties as to the order for continuation of the business. We feel that the appellant has waived her opportunity to object and that she is therefore estopped from maintaining this position or making objection at this time.

Causes number 3, 5, 6, 7, 19 and 28 are grouped by the appellant and are directed to objections made by the appellant-exceptor to questions asked by the appellee-administrator's attorney, which objections were overruled and the witness permitted to answer. In examining these we find the objections were of such general nature as not to preserve a question for our consideration on appeal, nor does the appellant's brief point out any reason or show in what manner the introduction of this evidence prejudiced the rights of the appellant. *Azimow* v. *Stoker* (1960), 131 Ind. App. 195, 166 N. E. 2d 887.

Causes number 16, 23 and 26 are grouped by the appellant-exceptor and we shall so consider them. These causes question the admissability of certain evidence over the objection of the appellant as to the value of the services and the amount of the fees alloted to the administrator and the attorneys. An examination of the objections shows that the objections were not made to the compentency of the witnesses to testify in this case. It is fundamental that if an improper objection is made to the admission of evidence, the party so making the objection is bound by the objection. The objections made by the appellant go to the weight rather than to the compentency or admissability of the evidence. As such it was for the trial court to determine what weight if any would be given to the testimony and we will not disturb the trial court's decision on appeal. *Indianapolis Brewing Co.* v. *Bingham*

(1948), 226 Ind. 137, 78 N. E. 2d 432, in this case the Supreme Court said at page 141:

"Weighing evidence is a right and duty for the trial court alone. This court on appeal may review the action of the trial court for the sole purpose of ascertaining whether or not there is some competent evidence in the record to sustain its findings." See also *Southern Ry. Co.* v. *Bruce* (1951), 122 Ind. App. 87, 99 N. E. 2d 447.

Cause number 17 assigned as error the admission into evidence over the objection of the appellant, administrator's exhibit number 9. The appellant fails in his argument to cite any authorities or to demonstrate in what manner the admission of this evidence prejudiced him and his rights, by this failure, the appellant waives the point.

From a review of the entire record in this case it appears to this Court that the case was fully and fairly tried and that the court reached a just decision which decision should not be disturbed.

Judgment affirmed.

Faulconer, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 172.