**Steven STEINWAY, Appellant (Plaintiff Below),**

v.

**BOARD OF SCHOOL TRUSTEES OF the MILL CREEK COMMUNITY SCHOOL CORPORATION, Appellee (Defendant Below).**

**No. 4–385A67.**

Court of Appeals of Indiana, Third District.

Dec. 23, 1985.

Rehearing Denied Feb. 14, 1986.

Richard J. Darko and Bradley W. Skolnik, Tabbert & Capehart, Indianapolis, for appellant.

Robert A. Wood, Kendall, Wood, Coleman, Kessinger & Stegemoller, Danville, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Steven Steinway (Steinway) appeals a judgment rendered in favor of defendant-appellee Board of School Trustees of the Mill Creek Community School Corporation (the Board). Steinway brought an action against the Board alleging that the Board did not follow the procedure prescribed in IND.CODE § 20–6.1–4–11 when it cancelled his teaching contract.

The facts relevant to this appeal disclose that the Board notified Steinway [1] by letter on April 21, 1983 that the cancellation of his indefinite teacher's contract would be considered on May 25, 1983. On May 5, 1983, Steinway requested a hearing before the Board, pursuant to IND.CODE § 20–6.1–4–11(a)(3). By letter dated May 23, 1983, Steinway was informed that a hearing would be held on May 25, 1983. Although Steinway agreed to the hearing date, he raised an objection based on the statute's requirement that a teacher be given not less than five days notice of the hearing. On the same day as the first notice, May 23, 1983, a subsequent letter was sent to

1. Steinway was a semi-permanent teacher as defined by IND.CODE § 20–6.1–4–9.5.

Steinway informing him that the hearing would be held on May 31, 1983 instead of May 25, 1983. On May 24, 1983 Steinway acknowledged the new hearing date.

At the hearing held on May 31, 1983, Steinway's representative asked the Board to note an objection to the hearing date based on the time frame established by the statute. IND.CODE § 20–6.1–4–11(a)(1) states that:

> "the teacher shall be notified in writing of the date, time, and place for the consideration by the school corporation of the cancellation of the contract; this notification must occur not more than forty (40) days nor less than thirty (30) days before the consideration[.]"

According to Steinway's representative, the hearing was held on the forty-first day after notification.

At the conclusion of the hearing held on May 31, 1983, a suggestion was made that the parties be allowed to prepare and submit proposed findings of fact and conclusions of law. Steinway's representative welcomed the opportunity and suggested a week delay of the final decision. The following colloquy at the hearing demonstrates that Steinway's only objection to the proceeding was his belief that the hearing date fell beyond the 40 days provided in IND.CODE § 20–6.1–4–11(a)(1):

> "MR. WOOD: As there is an issue between the administration and the teacher concerning this 30 to 40 days, by granting you the additional time to prepare the conclusion, the fact that the board does not render its decision today, are you going to object to that, other than what you objected at the outset of the—
>
> "MR. GRABLE: No, I would not, you know, object to extending from today's date. But what has already transpired, I would continue to argue that point. You know, if the board is willing to grant us the opportunity to make additional arguments, basically, the findings of fact and conclusions for the record, then I would be willing to grant the board an extension from to-

day, a week or ten days, whatever they feel or whatever they would like— (inaudible)—for the consideration, from today on, in lieu [sic] of what has transpired in the past.

> "MR. WOOD: Okay.
>
> "MR. GRABLE: To grant the extension today does not waive our argument— (inaudible)
>
> "MR. WOOD: Well, by the same token, if it's later determined that today was the fortieth then you're not going to object to the fact that the board did not officially act today?
>
> "MR. GRABLE: No—(inaudible)
>
> "MR. WOOD: All right, how much time do you each feel that you need to prepare your findings and conclusions?
>
> \* \* \* \* \* \*
>
> "MR. GRABLE: I would think that seven days would would be sufficient."

After a bench trial, the court concluded *inter alia* that the hearing was held on the fortieth day after notice and that the statute does not require a final decision at the time of consideration or the hearing. On appeal, Steinway has abandoned any allegation that the hearing was held beyond the 40-day limitation.

One issue is raised for review: whether the trial court erred as a matter of law by concluding that the Board complied with the notice requirements of IND.CODE § 20–6.1–4–11. The gravamen of Steinway's complaint appears to be that the Board's final decision to terminate his contract must occur after the hearing on the same day as the hearing, or at least not beyond the 40-day time period after notice.

Steinway's appellate brief first states that the statute, IND.CODE § 20–6.1–4–11, is clear and unequivocal; thus, it needs no interpretation. Immediately thereafter, Steinway suggests an interpretation of the statute which would equate "consideration" with "final decision."

The relevant portion of the statute, other than the paragraph already quoted, states:

> "(7) a contract may not be canceled until:

(A) the date set for consideration of the cancellation of the contract;

(B) after a hearing is held, if a hearing is requested by the teacher; and

(C) the superintendent has given his recommendations on the contract; on five (5) days' written notice to him by the school corporation, the superintendent shall present his recommendation on each contract, except on a superintendent's contract[.]"

The statute does not address time limitations for a final decision by the Board.

While no authority addressing this precise issue could be found, the case of *Joyce et al. v. Hanover Comm. Sch. Corp.* (1971), 150 Ind.App. 296, 276 N.E.2d 549 is instructive. In relating the statutory prerequisites to cancellation of a tenured teacher's contract under a predecessor statute which is very similar to the present statute,[2] this Court in *Joyce* stated:

"The school board of such school corporation, by a majority vote, evidenced by a signed statement of minutes of the board may cancel an indefinite contract with a teacher after the school board has complied with the provisions of [former statute] provided that the decision of the school board shall be final. (This making the decision of the school board final can take place only after the school board has followed each and every prerequisite step set out in the statute for the protection of the rights of the tenure teacher.)" 150 Ind.App. at 312–313, 276 N.E.2d at 559.

Conspicuous in its absence is any requirement that the final decision be rendered on the same day as the hearing or within the 30–40 day time period, which was also present in the statute construed in *Joyce.* It is conceivable and likely that the consideration of the cancellation and the final decision would be rendered on the same day; however, such a result was not mandated by the former statute and is not mandated by the present statute.

Further, Steinway, through his representative, agreed to and suggested the week delay in the Board's final determination to afford both parties an opportunity to prepare and submit proposed findings of fact and conclusions of law. As noted earlier, Steinway's only objection at the time of the hearing was based on a belief that the hearing was scheduled beyond the statutory 30–40 day period after notice. Steinway cannot now predicate error on the delay to which he agreed. *Cf. Scherer v. Scherer* (1980), Ind.App., 405 N.E.2d 40; *Lyons v. Greene, Admr.* (1964), 136 Ind. App. 419, 202 N.E.2d 172.

■ Steinway correctly notes that the act must be strictly adhered to when cancelling a teacher's contract. *Myers v. Greater Clark County School Corp.* (1984), Ind.App., 464 N.E.2d 1323, 1328; *Blue River Valley School Corp. v. Renfro* (1983), Ind.App., 446 N.E.2d 1364, 1366. The Board in the present case complied with the requirements within the statute. The statute does not mandate a final determination on the day of consideration or within the 30–40 day time period.

■ Steinway also contends that he did not receive notice of consideration of the cancellation of his contract. Steinway reaches this conclusion by viewing the notice of hearing in a vacuum. According to Steinway, he received no notice of consideration because the notice of hearing sent on May 23, 1983, rescheduling the hearing for May 31, 1983, did not indicate a date for consideration. Steinway ignores the notice of consideration sent prior to his request for a hearing. The statute does not require a new notice of consideration after the teacher requests a hearing. IND. CODE § 20–6.1–4–11.

Next, Steinway alleges error in two of the trial court's conclusions of law. Within its Conclusion of Law No. 3, the trial court states that Steinway's position could allow a teacher to request a hearing late enough in the process to render a hearing within the 40-day time period impossible. As noted by Steinway, IND.CODE § 20–6.1–4–

---

**2.** The present statute applies to both permanent and semi-permanent teachers.

11(a)(3) mandates a request for a hearing by the teacher within 15 days of the notice of consideration. To the extent that the trial court may have envisioned a request beyond the 15-day time limit, Conclusion of Law No. 3 is incorrect. However, even assuming that the above portion of the conclusion was incorrect, it was merely additional reasoning employed by the court and the result would be unchanged.

Conclusion of Law No. 4, complained of by Steinway, is nothing more than the conclusion that Steinway was not wrongfully terminated and is not entitled to relief. As discussed above, the termination proceedings were conducted in accordance with IND.CODE § 20–6.1–4–11.

The trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.